**Michael James MARTIN, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 06–06–00233–CR.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 24, 2007.

Decided April 25, 2008.

Jeff Fletcher, Fletcher Law Firm, Mark W. Breding, Crumley and Breding, Quitman, TX, for appellant.

Jim Wheeler, District Atty., Quitman, Henry Whitley, Holly Lake, TX, Atty. Pro Tem for State.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

OPINION

Opinion by Justice CARTER.

A Wood County jury found Michael James Martin guilty of failure to comply with sex offender registration requirements, a third-degree felony. *See* TEX. CODE CRIM. PROC. ANN. art. 62.10.[1] The

---

1. As of September 1, 2005, Chapter 62 of the Texas Code of Criminal Procedure was redesignated as TEX.CODE CRIM. PROC. ANN. arts. 62.001, et seq., and amended by Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385. Because Martin engaged in the conduct at issue prior to September 1, 2005, all references to the Texas

trial court then assessed punishment of ten years' confinement. Martin now appeals that conviction. We will reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Although a more detailed discussion of the facts will follow, we briefly explain here that Martin was required to comply with the sex offender registration requirements.[2] As required and as he had done for the several years prior, he reported to the Wood County Sheriff's Department April 1, 2005, to fulfill his annual verification requirement.[3] He was given what was labeled a "Sex Offender Update Form." Martin was instructed to leave the form blank except for any changes that needed to be made. He left the spaces blank and signed the "Sex Offender Update Form."

Based on this transaction, Martin was indicted in April 2006 as follows:

On or about the 1st day of April A.D. 2005, and before the presentment of this indictment, ... MICHAEL JAMES MARTIN, hereinafter styled Defendant, did then and there, while being a person required to register with the local law enforcement authority in the county where the defendant resided and intended to reside for more than seven days, to-wit: Wood County, Texas, because of a reportable conviction for Indecency with a Child—Sexual Contact, intentionally, knowingly and recklessly fail to verify the information in the registration form received by the Wood County

Sheriff's Department as complete and accurate, to-wit: failing to report a change of employment.

The trial court's charge to the jury provided:

[I]f you find from the evidence beyond a reasonable doubt that on or about the 1st day of April, 2005, in Wood County, Texas, the defendant, Michael James Martin, did then and there, while being a person required to register with the local law enforcement authority ... intentionally, knowingly or recklessly fail to verify the information in the registration form received by the Wood County Sheriff's Department as complete or accurate, to-wit: failing to report a change of employment, then you will find the defendant guilty of Failure to Comply with Sex Offender Registration Requirements.

The jury found Martin guilty, and the trial court sentenced him to ten years' confinement.

## II. APPLICABLE LAW

### A. Registration Requirements

#### 1. Sex Offender Registration Form Generally

Sex offenders falling within the scope of the registration requirements must complete what is known as a sex offender registration form. The Sex Offender Registration Program (SORP) provides that the Texas Department of Public Safety will provide a registration form to local law enforcement authorities, among others,

---

Code of Criminal Procedure herein reference the law in effect before the 2005 amendment.

**2.** After being placed on deferred adjudication community supervision and later having been found to have violated the terms of his community supervision, Martin was adjudicated guilty in 1998 of indecency with a child by contact and sentenced to two years' confinement and released in 2000.

**3.** In cause number 19,346–2006, Martin was convicted of failure to comply with sex offender registration requirements for his alleged failure to verify and failure to report a change of employer March 24, 2004. The appeal from that conviction is addressed in companion case *Martin v. State,* cause number 06–06–00234–CR.

and outlines when and how the registration form should be completed upon release of the sex offender subject to registration. *See* TEX.CODE CRIM. PROC. ANN. art. 62.02. Article 62.02 goes on to specify the rather extensive information required on the sex offender registration form:

(1) the person's full name, each alias, date of birth, sex, race, height, weight, eye color, hair color, social security number, driver's license number, shoe size, and home address;

(2) a recent color photograph or, if possible, an electronic digital image of the person and a complete set of fingerprints;

(3) the type of offense the person was convicted of, the age of the victim, the date of conviction, and the punishment received;

(4) an indication as to whether the person is discharged, paroled, or released on juvenile probation, community supervision, or mandatory supervision;

(5) an indication of each license ... that is held or sought by the person;

(6) an indication as to whether the person is or will be employed, carrying on a vocation, or a student at a particular public or private institution of higher education in this state or another state, and the name and address of that institution; and

(7) any other information required by the department.

TEX.CODE CRIM. PROC. ANN. art. 62.02(b). In this case, the Wood County Sheriff's Department is the local law enforcement authority charged with maintaining Martin's sex offender registration information.

### 2. Verification Required

Those required to register as sex offenders must report to the proper authority and verify the information in the sex offender registration form on either a ninety-day or annual basis.[4] Martin is subject to the annual verification requirement:

A person subject to registration under this chapter who is not subject to the 90–day reporting requirement described by this subsection shall report to the local law enforcement authority designated as the person's primary registration authority by the department once each year not earlier than the 30th day before and not later than the 30th day after the anniversary of the person's date of birth *to verify the information in the registration form maintained by the authority for that person.*

TEX.CODE CRIM. PROC. ANN. art. 62.06(a) (emphasis added). The Texas Code of Criminal Procedure further specifies the procedure to be followed during this verification process:

A local law enforcement authority with whom a person reports under this article shall require the person to produce proof of the person's identity and residence *before the authority gives the registration form to the person for verification.* If the information in the registration form is complete and accurate, the person shall verify registration by signing the form. If the information is not complete or not accurate, the person shall make any necessary additions or corrections before signing the form.

TEX.CODE CRIM. PROC. ANN. art. 62.06(c) (emphasis added).

### B. Failure to Comply with Registration Requirements

A person commits an offense if the person is required to register and fails to comply with any requirement of the

---

**4.** Those convicted of a sexually violent offense two or more times are required to report and verify the information in his or her sex offender registration form every ninety days. *See* TEX.CODE CRIM. PROC. ANN. art. 62.06(a). That requirement does not apply to Martin.

SORP. Tex.Code Crim. Proc. Ann. art. 62.10.[5]

## III. EVIDENCE PRESENTED AT TRIAL

At trial, the various forms and requirements became confused; witnesses often used terms such as "verification," "update," "registration," and "reporting" interchangeably. For the purposes of this opinion and for the sake of clarity, we will refer to two relevant forms: 1) the sex offender update form which was given to Martin when he went to the Wood County Sheriff's Department April 1, 2005, and 2) the sex offender registration form as defined in Article 62.02 and containing extensive information about the offender and the offense committed. It is information in the sex offender registration form that Martin was required to verify. *See* Tex. Code Crim. Proc. Ann. art. 62.06.

### A. Debra Miears

Miears serves as director of the Wood County Community Supervision and Corrections Department and has been with the department for twenty-six years. She specializes in the supervision of sex offenders. Miears had only limited dealings with Martin, having only met with him back in 1997 when Martin was first placed on community supervision. Miears explained that, after Martin's community supervision was revoked and after he served his prison sentence, Martin would have had to review the registration requirements before his release.

Miears testified about the extensive information required on initial registration and the notification procedures in which an individual is given detailed information and instructions on the registration requirements. Miears informed Martin that he had to register for life and had to report a change of address within seven days. She also testified she informed him that he was required to report a change in employment.

On cross-examination, Miears confirmed that the verification requirement relates to the sex offender registration form maintained by Wood County. She also testified that Martin's duty was to come in on an annual basis to verify the information in the sex offender registration form and that the failure to come in to verify the information on the sex offender registration form constitutes a violation of the registration requirements.

During trial, it appears that the State began to focus not on the failure to verify, but instead on the failure to timely report a change of employment when, in response to re-direct examination, Miears testified that sex offenders are required to notify law enforcement of a change in their address or employment within seven days of that change. She conceded that the failure to report a change of employment is a separate offense and that failure to verify the information in the sex offender registration form is in itself an offense.

### B. Shirley Boddie

Boddie was the office manager for Martin's former employer, Boddie's Roofing. Boddie was charged with payroll responsibilities and testified that Martin worked for them in January 2002 and then again from May 2002 to June 2003.

### C. Debbie Foster

Foster was the Chief Deputy of the Wood County Sheriff's Office. She initially insisted that State's Exhibit 4 labeled "Sex Offender Update Form" was a sex offender registration form but later relented and agreed that it was, in fact, an

---

5. The indictment tracks language from two separate requirements: the annual verification and the duty to report certain changes.

The State concedes that it did not, however, charge Martin with failure to report a change of employment as required by Article 62.05.

update form. On further cross-examination, Foster also distinguished between the information contained on the sex offender registration form and the information required on the sex offender update form, the former being much more extensive than the latter.

### D. Misty Holland

Holland is the former Wood County clerk responsible for sex offender registration. Holland testified that she received specialized training in sex offender registration from the DPS and also used the forms provided by the DPS. Holland explained she understood that a change of employment must be reported within seven days.

Holland testified as to the procedure used by Wood County when a person comes in for annual verification:

[DEFENSE]: "What is your training as to when to fill out this information [on the sex offender update form]?"

[HOLLAND]: Okay. The only time we fill out anything in the blanks is if there is a change, like a change of address or a change of employment, vehicle change. And since we went over this form, there was no change so there was nothing in this form that I filled out.

So, according to Holland, the sex offender need only fill out information on the update if there is a change. Holland explained that Wood County measured changes by comparing the update form to the update form filled out the previous year. The State referred to this procedure as "an annual update" even though there is no formal procedure labeled as such. It also appears that Wood County is treating this "annual update" procedure as the equivalent of the verification procedure. In other words, the record suggests that Wood County treated this matter more as a failure by Martin to verify his previous update forms, which is not an enumerated requirement under the SORP.

Holland testified that she did not believe there to be a difference between someone registering in the first place and that person verifying his or her information annually, but she also conceded that the failure to verify the information on the sex offender registration form and failure to report a change are separate offenses. "That's completely, that's a different offense than failing to verify the information in the registration form received by the Wood County Sheriff's Department." Looking at Defense Exhibit 1, Holland recognized the document as the "original or the sex offender registration form." She agreed that Defense Exhibit 1 is the registration form that is received by the Wood County Sheriff's Department from the DPS.

Importantly, when Martin came in to the office April 1, 2005, Holland did not give him the sex offender registration form to verify and agreed that, because she did not give him the sex offender registration form, Martin would not be able to verify that the sex offender registration form was "complete and accurate." She explained that supplying the sex offender with the registration form was not a part of the procedure that Holland was directed to follow. According to Holland, Martin was not provided the registration form to verify the information on it; instead he was given a sex offender update form and told to only fill in a change from previous update forms. On cross-examination, Holland agreed with defense counsel's assessment that the "official" sex offender registration form and 2004 and 2005 updates are all consistent in that no employer is listed.

Holland testified that prior Wood County employees filled out update forms differently. Whereas she was told that only a change should be noted, other employees directed Martin to provide the information

on the update form whether or not that information had changed.

## IV. DISCUSSION

On original briefing, Martin complained that the jury charge varies from the allegations lodged in the indictment. We sought additional briefing on the legal and factual sufficiency of the evidence.

### A. Standards of Review

In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000).

### B. Procedure for Verification

We reiterate the verification procedure outlined in Article 62.06:

A local law enforcement authority with whom a person reports under this article shall require the person to produce proof of the person's identity and residence before the authority gives the registration form to the person for verification. If the information in the registration form is complete and accurate, the person shall verify registration by signing the form. If the information is not complete or not accurate, the person shall make any necessary additions or corrections before signing the form.

TEX.CODE CRIM. PROC. ANN. art. 62.06(c). Article 62.10 makes it a criminal offense to fail to comply with this or any of the several other registration requirements. That said, we must look more closely at Article 62.06 to determine what acts or omissions are required to constitute a failure to comply with the verification requirement.

In 2005, Martin reported to verify the registration information on file. Holland took the information. According to her, she did not review or present to Martin the Sex Offender Registration Form, but instead she reviewed the previous year's (2004) update form. Holland testified that he said there were no changes from 2004 concerning his employment. Therefore, no information was placed in the form in answer to his employment. The facts are:

(1) the original sex offender registration report shows no answer to the question of Martin's employer;

(2) the 2004 update report shows the same;

(3) the 2005 update report shows the same;

(4) there is no evidence that Martin was employed during the relevant periods in 2004 and 2005.

So, how can Martin be guilty of failing to report a change of his employment in 2005? Only by making assumptions that Holland made and the State now urges:

(1) Martin is to verify the information on the last update report, not the sex offender registration report.

(2) When no answer is written to a question regarding employment, that necessarily means there has been no change in employment, not that he has none.

Using those assumptions, it is then necessary to begin reviewing previous update reports to determine what those answers concerning employment were (since a blank in the answer form means no change from the previous year). Looking behind both the 2005 and 2004 update reports, it was determined that in the 2003 update report (which was not reviewed in 2005), Martin reported that he worked at Boddie's Roofing. On discovering that, it is necessary to look at the 2004 report and, finding a blank left on the employment question, assumption (2) requires that such nonanswer actually means Martin was em-

ployed at Boddie's Roofing in 2004. Following that logic into 2005, since Martin's nonanswer in 2004 actually meant he still worked at Boddie's Roofing then, the blank left on the employment question in 2005 (i.e., no change) means that he was presently employed at Boddie's Roofing in 2005. According to the State's theory, Martin would have to tell Holland in 2005 that his employment had changed in 2005 from 2004 when in fact it had not and he was not employed at Boddie's Roofing either year.

We believe this tortured reasoning answers the real question—what is the defendant required to review and update? We believe it is the information in the sex offender registration form which is annually updated to contain the most recent information. Otherwise, this obligation being a lifetime one, and using the State's assumption that no answer means no change, it would be necessary to review years of update reports to determine if a nonanswer actually meant the opposite of what it appears, to be able to truthfully and properly answer the annual review requirement.

The update report could be used on an annual basis to make changes to any information of the sex offender registration form; this updated information would allow the changes made from year to year to be posted on the sex offender registration form. In that manner, verification could be accomplished each year and changes made as necessary.

Here, the evidence shows that in 2005 Martin was allowed to only review the 2004 update. Since the 2004 update showed on its face that he had no employer, and if he had none in 2005, Holland testified that no change was to be made. This is exactly what occurred. Further, even if Martin had been shown the original sex offender registration form, it likewise showed no employer. There is no evi-

dence that Martin failed to verify the information in the registration form by failing to report a change of his employment. We find the evidence is legally insufficient. Due to the disposition of this point of error, we will not address the other issues raised in this matter.

We reverse and render a judgment of acquittal.