

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-09-00062-CR
_____

ARCHIE EARL SIMPKINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 37395-B

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

## I. FACTUAL AND PROCEDURAL HISTORY

Archie Earl Simpkins was a convicted sex offender[1] who resided, upon release, with his grandparents at 1770 Redmon Road in Longview, Harrison County, Texas, and was required to register his status as a sex offender with the Harrison County Sheriff's Department. Simpkins registered on December 5, 2006, and was required to register on an annual basis thereafter for a period of ten years. Simpkins failed to register in 2007, and next registered on August 15, 2008, as continuing to live at the same address in Harrison County.

As of August 20, 2008, Simpkins had been living at 349 Gamel Lane in Longview, Gregg County, Texas, for a period of three weeks.[2] Simpkins resided at this address with Traci Eliff, the mother of two minor children. On November 20, 2008, Simpkins was charged by indictment with the offense of failure to register as a sex offender in Gregg County.

While Simpkins filed a request for jury trial on December 4, 2008, there is an entry on the trial court's docket that both sides presented for a bench trial on March 17, 2009. Upon commencement of trial, and after having ascertained that the proceeding would be bifurcated, counsel for Simpkins stated, "That's all I need to know. We're ready." Judgment of conviction by

---

[1]Simpkins was convicted on April 29, 2004, of aggravated sexual assault. Because Simpkins was a juvenile at the time of his conviction, he served his sentence of twenty-four months at the Crockett State School, Texas Youth Commission.

[2]This information was uncovered by Chris Miller, a criminal investigator with the Gregg County Sheriff's Department, when Miller was investigating Simpkins for an extraneous offense.

the trial court was entered on the same date and punishment was assessed at two years in the State

Jail Division, Texas Department of Criminal Justice.[3]  The judgment recites that "[B]oth parties

announced ready for trial.  Defendant waived the right of trial by jury and entered the plea indicated

above."

## II.    ISSUES PRESENTED

(1)    Whether the evidence was legally sufficient to support the conviction;

(2)    Whether the evidence was factually sufficient to support the conviction; and

(3)    Whether the absence of a valid written waiver of jury trial requires reversal.

## III.   ANALYSIS

### A.    Legal and Factual Sufficiency

Simpkins contends that the evidence is legally and factually insufficient.  We preface our

analysis with the general rule that a person commits the offense of failure to comply with registration

requirements if the person "is required to register and fails to comply with any requirement" of

Chapter 62.  TEX. CODE CRIM. PROC. ANN. art. 62.102 (Vernon 2006).

Whether one is required to report for his lifetime or only for a period of years, the reporting

requirements during the relevant period are the same.  *Mantooth v. State*, 269 S.W.3d 68, 72 (Tex.

App.—Texarkana 2008, no pet.).  A person fails to comply with registration requirements if he fails

---

[3]TEX. CODE CRIM. PROC. ANN. arts. 62.101(b), (c), 62.102(b)(1) (Vernon 2006) (defining offense as state jail felony if actor is person whose duty to register expires under Article 62.101(b) or (c)).

3

to give seven days' notice of intent to change addresses, fails to report a change of address within seven days, or fails to report a change in employment status within seven days. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.055, 62.057(b) (Vernon Supp. 2009), art. 62.102. Here, Simpkins is alleged to have failed to report a change of address within seven days.[4]

In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

In a factual sufficiency review, we review all the evidence, but do so in a neutral light and determine whether the evidence supporting the verdict is too weak to support the fact-finder's verdict or is so outweighed by the great weight and preponderance of the evidence that the jury's verdict is

---

[4]Article 62.051 of the Texas Code of Criminal Procedure defines the location of registration:

(a) A person who has a reportable conviction or adjudication or who is required to register as a condition of parole, release to mandatory supervision, or community supervision shall register or, if the person is a person for whom registration is completed under this chapter, verify registration as provided by Subsection (f), with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days. If the person does not reside or intend to reside in a municipality, the person shall register or verify registration in any county where the person resides or intends to reside for more than seven days.

TEX. CODE CRIM. PROC. ANN. art. 62.051(a) (Vernon Supp. 2009).

4

clearly wrong or manifestly unjust. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008); *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007).

In this analysis, we use a hypothetically-correct jury charge to evaluate both the legal and factual sufficiency of the evidence. *Grotti v. State*, 273 S.W.3d 273 (Tex. Crim. App. 2008). Such a charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Villarreal v. State*, 286 S.W.3d 321 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Even though no jury charge was given, we nevertheless employ this analysis to determine the legal and factual sufficiency of the evidence. *Malik*, 953 S.W.2d at 240 (the *Malik* test applies to nonjury or bench trials).

### 1.     The Indictment

The indictment states, in pertinent part, that:

> [O]n or about the 21st day of August, 2008, and anterior to the presentment of this Indictment, in the County and State aforesaid, ARCHIE EARL SIMPKINS, hereinafter called Defendant, did then and there, while being a person required to register with the local law enforcement authority in the county where the defendant resided or intended to reside for more than seven days, to-wit: Gregg County, because of a reportable conviction for Aggravated Sexual Assault, intentionally or knowingly fail to register with the local law enforcement authority in said county.

In making an analysis under the hypothetically-correct jury charge, we find that the indictment required the State to prove that: 1) Archie Earl Simpkins, 2) on or about August 21,

2008, 3) in Gregg County, Texas, 4) was a person required to register with the local law enforcement authority in the county, 5) where Simpkins resided or intended to reside for more than seven days, 6) because of a reportable conviction for sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 62.051(a). Due to the multiplicity of registration entities (depending on the situs of Simpkins's residence or intended residence), the State also had to prove the elements which established the identity of the law enforcement entity with which he was required to register. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(2) (Vernon Supp. 2009).

The crux of Simpkins's challenge to the sufficiency of the evidence centers upon the fact that the statute which prescribes the agency with whom registration as a sex offender gives alternative places, depending on whether the proposed registrant lives inside a municipality or outside a municipality. If a person lives within a municipality, the offender is to register "with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days," but if that residence or intended residence is not within a municipality, then "the person shall register or verify registration in any county." TEX. CODE CRIM. PROC. ANN. art. 62.051 (Vernon Supp. 2009). "'Local law enforcement authority' means, as applicable, the chief of police of a municipality, the sheriff of a county in this state, or a centralized registration authority." TEX. CODE CRIM. PROC. ANN. art. 62.001(2).

Simpkins challenges the evidence that he failed to register with the entity with which he was required to register. Simply stated, Simpkins claims the State's evidence is insufficient because the

6

State failed to prove that Simpkins's residence was located in rural Gregg County and not within the municipality of Longview. While the State did sufficiently prove that Simpkins failed to register in Gregg County, Simpkins contends that evidence is not sufficient to support a conviction due to the lack of evidence as to the actual location of Simpkins's residence. In other words, Simpkins contends that it was the affirmative obligation of the State to show that Simpkins did not reside within a municipality because if he resided within a municipality, there would be an entity other than the Gregg County Sheriff with whom he would be obligated to register.

### 2.    The Evidence

Upon his initial release, Simpkins resided with his grandfather in neighboring Harrison County. After having been asked to leave his grandfather's house in Harrison County, Simpkins stayed at the home of Eliff[5] for two or three weeks, paying rent in the amount of $100.00 per week. Miller testified that Simpkins signed a statement during Miller's investigation of an extraneous offense. That statement represented that Simpkins was residing at 349 Gamel Lane, Lot No. 2, Longview, Gregg County, Texas. On Miller's review of the sex-offender registration records of Gregg County, he discovered that Simpkins had not registered with the Gregg County Sheriff. The State offered evidence that Simpkins resided or intended to reside at 349 Gamel Lane, Lot No. 2, Longview, Gregg County, Texas, for more than seven days.

---

[5]Eliff testified that she lived at 349 Redmon Road, Lot No. 2 in Longview. All other references to Eliff's address were to 349 Gamel Lane, Lot No. 2.

Miller testified that as a general rule, sex-offender registration for a person residing in the unincorporated areas of Gregg County is with the Gregg County Sheriff's Department. However, if the registration involves a person living within the City of Longview, the required sex-offender registration entity is the City of Longview[6] (i.e., the Longview Police Department). This testimony regarding the locale of sex-offender registration dovetails with the statutory requirement as mentioned above. TEX. CODE CRIM. PROC. ANN. arts. 62.051, 62.001(2).

Due to the differences between the places a person is required to register, depending upon the location of the registrant's residence, there must be proof (in addition to that which showed that Simpkins did not register with the Gregg County Sheriff), that 349 Gamel Lane was located in rural Gregg County and not within the municipality of the City of Longview. Absent such evidence, there is no proof that he failed to register where he was required to register.

The testimony in this regard is that part of Gamel Lane is located in the municipal city limits of Longview, Texas, and part of Gamel Lane is located outside of the City of Longview, in rural Gregg County. Courtney Walker, an employee of the Gregg County District Attorney's Office, testified that she has no personal knowledge as to which part of Gamel Lane is within the city limits of Longview and which part is not. Walker could not affirm whether 349 Gamel Lane is situated outside the city limits of Longview. Although Walker attempted to testify that she verified through

---

[6]In other matters, the Gregg County Sheriff's Department has jurisdiction within the portion of the City of Longview situated in Gregg County as well.

8

dispatch that the Gamel Lane address was in the county, this testimony was cut short as hearsay and was not fully developed.

Although Miller testified that 349 Gamel Lane is located in Gregg County, he later conceded that he was not certain that this residence is not within the city limits of Longview. Miller never actually went to the house and although he believed it to be in an unincorporated portion of Gregg County, he could not attest to that with certainty.

Consistent with the Fourteenth Amendment's guarantee of due process of law, a defendant may not be convicted and deprived of his liberty except upon proof beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970). In assessing the legal sufficiency of the evidence to support a conviction, we must consider all of the record evidence in the light most favorable to the verdict. Even viewing the evidence in a light most favorable to the verdict, we find that a critical and necessary element of the proof is lacking: that Simpkins's residence was in a location that would require him to register as a sex offender with the Sheriff of Gregg County, Texas.

Rather, the evidence showed that Simpkins's residence may have been within the city limits of Longview (in which case, Simpkins would have had no obligation to register with the Sheriff of Gregg County but would, instead, have been required to register with the Longview Police Department). No witness was able to affirmatively state that the residence was in an unincorporated portion of Gregg County.

One might say that an inference can be drawn from Miller's testimony that because the Gregg County Sheriff's Office normally investigates lack-of-registration cases only for areas outside the City of Longview, this is some evidence that the 349 Gamel Lane residence is not within the municipality of Longview. However, Miller also testified that the sheriff's department has jurisdiction within the City of Longview as well as outside its boundaries. This inference is one based upon a probability or likelihood; it is not based upon proof beyond a reasonable doubt. The failure of proof here is not like the failure to prove venue (which, in a criminal case, need only be proven by a preponderance of the evidence, TEX. CODE CRIM. PROC. ANN. art. 13.17 (Vernon 2005); *Murphy v. State*, 112 S.W.3d 592, 604 (Tex. Crim. App. 2003)). Rather, it is the failure of proof of an essential element of the case against Simpkins.

Given the dearth of evidence on this critical element of the State's case, we are compelled to conclude that the evidence is legally insufficient to support Simpkins's conviction. Because this finding is fully determinative of this case, we do not continue on to analyze the remaining points of error raised by Simpkins.

We reverse the trial court's judgment and render a judgment of acquittal.


Bailey C. Moseley
Justice

Date Submitted:     October 29, 2009
Date Decided:       November 5, 2009

Publish

10