**Opinion issued August 9, 2012**



In The

# Court of Appeals

For The

# First District of Texas

——————————

## NO. 01-11-00183-CR

——————————

**FRED MCBURNETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1220500**

---

## MEMORANDUM OPINION

A jury convicted appellant Fred McBurnett for noncompliance with the sex-offender registration requirements.[1] The trial court found one prior felony

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(2) (West 2006) (stating that person required to annually verify their sex-offender registration information

enhancement to be true and assessed his punishment at twenty years' confinement. McBurnett's sole point on appeal is that because the State failed to prove that his place of residence was within the Houston city limits, the evidence was insufficient to prove that the Houston Police Department was his primary registration authority. We affirm.

## Background

McBurnett was indicted for, and ultimately convicted of, failing to comply with the Code of Criminal Procedure's sex-offender registration requirements. Specifically, the State alleged that McBurnett failed to comply with article 62.058(a) which states, in pertinent part,

> A person subject to registration under [chapter 62] who is not subject to the 90 day reporting requirement described by this subsection shall report to the local law enforcement authority designated as the person's primary registration authority by the department once each year not earlier than the 30th day before and not later than the 30th day after the anniversary of the person's date of birth to verify the information in the registration form maintained by the authority for that person.

TEX. CODE CRIM. PROC. ANN. art. 62.058(a) (West 2006).

Originally convicted of a sex offense in 1991, McBurnett was subject to chapter 62 and annual verification of his registration information. Houston Police Department (HPD) Sergeant Glenn Shepherd, custodian of records for the offender

---

pursuant to article 62.058 commits third degree felony if that person "is required to register and fails to comply with any requirement of [chapter 62]").

registration unit, testified that McBurnett initially registered with HPD as a Houston resident on August 23, 2004, and that the Department of Public Safety designated HPD as his primary registration authority.[2]  Shepherd further testified that McBurnett visited the department on August 18, 2008, completed a change of address form listing his new address as 1414 Austin St. #1 Houston, Texas, and signed an acknowledgment that his next annual registration date was April 28, 2009—his birthday.  When McBurnett failed to timely report to HPD,[3] and Shepherd determined that McBurnett had not registered elsewhere, a warrant was issued for his arrest.

## Standard of Review

In determining the legally sufficiency of evidence to support a conviction, a reviewing court must consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2789 (1979); *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App.

---

[2]     *See* TEX. CODE CRIM. PROC. ANN. art. 62.004(a) (West Supp. 2011) (stating Department of Public Safety "shall determine which local law enforcement authority serves as the person's primary registration authority based on the municipality or county in which the person resides").

[3]     Shepherd testified that HPD's records for the sixty-one-day time period spanning the thirty days before and after McBurnett's birthday (March 28, 2009 to June 1, 2009) reflect no visits or appointments by McBurnett.

2011). This standard gives full play to the responsibility of the factfinder to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Gear*, 340 S.W.3d at 746 (quoting *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789).

**Analysis**

McBurnett argues that because the State failed to prove that he was residing within the Houston city limits in 2009, the evidence was insufficient to prove that HPD was his primary registration authority—an element of the offense—and cites *Simpkins v. State*, 300 S.W.3d 860 (Tex. App.—Texarkana 2009, no pet.). *Simpkins*, however, is distinguishable.

Simpkins, who had lived elsewhere, moved to Longview, Gregg County, Texas and was subsequently charged with failure to register with the Gregg County Sheriff, in violation of article 62.051(a).[4] Simpkins argued that the evidence was insufficient to show that his residence was in the unincorporated area of Gregg County, rather than within the City of Longview. The court of appeals agreed and reversed and rendered a judgment of acquittal.

Unlike the present case, the State in *Simpkins* had to establish the law enforcement entity with which Simpkins was required to register, and, to do so, it

---

[4] TEX. CODE CRIM. PROC. ANN. art. 62.051(a) (West Supp. 2011) (requiring person with reportable conviction to register, or verify registration with "local law enforcement authority" in any county where person resides or intends to reside for more than seven days).

4

was required to provide proof of Simpkins's residence. *See Simpkins*, 300 S.W.3d at 863 (stating defendant's residence was element of hypothetically correct jury charge in that case because identity of "local law enforcement" authority varied depending upon situs of defendant's residence or intended residence); *see also* TEX. CODE CRIM. PROC. ANN. art. 62.001(2) (West Supp. 2011) (defining "local law enforcement authority"). Not only is such pinpoint specificity not required in the present case, but the uncontroverted testimony was that DPS had determined that McBurnett's primary registration authority was HPD. *See* TEX. CODE CRIM. PROC. ANN. art. 62.004(a) (West Supp. 2011) (stating Department of Public Safety "shall determine which local law enforcement authority serves as the person's primary registration authority based on the municipality or county in which the person resides"). There was no such testimony in *Simpkins*.[5]

The hypothetically correct jury charge in the present case required proof, *inter alia*, that McBurnett was a person with a reportable conviction subject to registration under the sex-offender registration program who failed to report to the local law enforcement agency designated as his primary registration authority, (HPD), during the thirty days before his birth date or the thirty days after, to verify his registration information on the form maintained for him by that law

---

[5] This is presumably because Simpkins had just moved to a new county and failed to register his address, thus DPS never had an opportunity to designate his primary registration authority in Gregg County under chapter 62's statutory scheme.

enforcement authority. The hypothetically correct jury charge required no proof of his residence.

The State offered uncontroverted testimony and evidence that McBurnett was a convicted sex-offender who was required to register under chapter 62 and that he failed to comply with one of the requirements of that chapter. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(2) (West 2006). Specifically, the State demonstrated that the "local law enforcement authority" designated as McBurnett's primary registration authority by DPS was HPD and that McBurnett did not report to HPD within 30 days before or after his birthday in 2009 to verify his sex-offender registration information. *See* TEX. CODE CRIM. PROC. ANN. art. 62.058(a).

Considering all record evidence in the light most favorable to the verdict, we hold that a jury could rationally have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318–19, 99 S. Ct. at 2789; *Gear*, 340 S.W.3d at 746.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Keyes, Bland, and Sharp.

Do not publish.   TEX. R. APP. P. 47.2(b).