ACCEPTED
06-15-00094-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/27/2015 2:20:06 PM
DEBBIE AUTREY
CLERK

NO. 06-15-00094-CR

IN THE COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS

AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/27/2015 2:46:00 PM
DEBBIE AUTREY
Clerk

ALBERT DOTIE, JR.,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

Appealed from the 276th Judicial District Court
Marion County, Texas
Trial Court Cause No. F14540

**BRIEF OF APPELLANT**


Submitted by:


James P. Finstrom
Counsel for Appellant
P.O. Box 276
Jefferson, Texas 75657
903-665-7111
Fax: 903-665-7167
State Bar #07038000


APPELLANT DOES REQUEST ORAL ARGUMENT

## IDENTITY OF PARTIES AND COUNSEL
### Pursuant to T.R.A.P. 38.1(a)

Appellant: Albert Dotie, Jr.
Institutional Division of Texas Department
of Criminal Justice
Joe F. Gurney Unit
1835 FM 3328
Tennessee Colony, Texas 75803

Appellant's Counsel for Appellant at trial and on appeal:

Hon. James P. Finstrom
P.O. Box 276
Jefferson, Texas 75657

State's Counsel at trial and on appeal:

Hon. Angela Smoak, County Attorney
102 West Austin Street
Jefferson, Texas 75657

Trial Judge:

Hon. Robert Rolston, Judge,
276th Judicial District Court
Marion County, Texas

# TABLE OF CONTENTS
Pursuant to T.R.A.P. 38.1(b)

Page

IDENTITY OF PARTIES AND COUNSEL      2

TABLE OF CONTENTS      3

INDEX OF AUTHORITIES      4

STATEMENT OF THE CASE      5

ISSUE PRESENTED      5

STATEMENT OF FACTS      5

ISSUE NO. 1:  IS THE EVIDENCE SUFFICIENT TO SUSTAIN THE APPELLANT'S CONVICTION?

ISSUE NO. ONE (Restated)      9

IS THE EVIDENCE SUFFICIENT TO SUSTAIN APPELLANT'S CONVICTION?

SUMMARY OF THE ARGUMENT      9

ARGUMENT (Issue No. 1)      11

PRAYER      14

CERTIFICATE OF SERVICE      15

CERTIFICATE OF COMPLIANCE      15

# INDEX OF AUTHORITIES
## Pursuant to T.R.A.P. 38.1(c)

Cases:                                                      Page


Green v. State, 350 S.W.3d 617                                12
    (Tex.App. – Houston 14th Dist. 2012, p.d.r. ref.)

Martin v. State, 252 S.W.3d 803                               12
    (Tex.App. – Texarkana 2008, no pet.)

Mills v. Bartlett, 377 S.W.2d 636 (Tex. 1964)                 11

Rios v. State, 141 SW3d 750                                   11
    (Tex. App.—Corpus Christi 2004, p.d.r. ref.)

Silber v. State, 371 S.W.3d 605, 613                          11
    (Tex.App.—Houston 1st Dist. 2012, no pet.)

Simpkins v State, 300 S.W.3d 860,                             12
    (Tex.App.—Texarkana 2009, no pet.)

Whitney, 472 S.W.2d 524 (Tex.Crim.App. 1971)                  11


Statutes:

Article 62.051(a), Code of Criminal Procedure                12

Article 62.102, Code of Criminal Procedure                   11

    All references to Texas statutes, rules, etc. are to the latest edition published by West Publishing Company, unless otherwise noted.

STATEMENT OF THE CASE
Pursuant to T.R.A.P. 38.1(d)

Appellant was tried by a jury on May 4, 2015, on his plea of not guilty to an indictment alleging the third degree felony offense of failure to timely register a change of address as a sex offender alleged to have occurred on or about December 21, 2013.  (CR 4, 7) The jury found him guilty and assessed a four (4) year sentence in the Institutional Division of the Texas Department of Criminal Justice on May 5, 2015.  (CR 27-28)   Appellant gave timely notice of appeal on June 2, 2015.  (CR 32)  Counsel was appointed to represent Appellant on January 14, 2014, which appointment has continued through this appeal.  (RR 5-6)

**ISSUES PRESENTED**
Pursuant to T.R.A.P. 38.1(e)

ISSUE NO 1:   IS THE EVIDENCE SUFFICIENT TO SUSTAIN APPELLANT'S CONVICTION?

**STATEMENT OF FACTS**
Pursuant to T.R.A.P. 38.1(f)

The State called four witnesses and the Defendant testified and called one other witness.

Deronda Riley, the administrative assistant court clerk and, as such, the sex offender registrar for the City of Jefferson, testified that

5

Appellant had a reportable conviction for indecency with a child and had been reporting to her as a resident of Jefferson, Texas, for at least fourteen years. (RR 12-14) At the time of this case, Appellant was reporting to Ms. Riley annually. (RR 15) Ms. Riley met with Appellant on December 10, 2013, when he reported a change of primary address to 408 Saint John, Jefferson, Texas, and a supplemental address of 305 West Watson, Jefferson, Texas. (RR 14-15) On December 22, 2013, she received information that Appellant had used the address of 1406 FM 2208, Jefferson, Texas, but did not remember Appellant reporting that address to her seven days prior to using it and did not remember if he had any explanation. (RR 16-21) Appellant returned to her office on January 8, 2014 and again on January 10, 2014, when he reported a new change of address to her. (RR 17) She believed that Appellant had moved less than seven days before he reported his change of address and violated his registration requirements and she reported this to Deputy Quada at the Marion County Sheriff's Department. (RR 17) Ms. Riley did not remember if Appellant offered her any explanation for the change of address to 1406 FM 2208. (RR 21) And she did not know if any officer had gone to 305 West Watson or 408 Saint John

6

to see whether or not Appellant had moved. (RR 21) When Appellant returned to Ms. Riley's office on January 13, 2014, he was arrested for the offense alleged in this case. (RR 24)

Deputy Marion County Sheriff David Quada testified that he received a telephone call from Appellant on January 3, 2014, to report a change of address outside the city limits of Jefferson and he told Defendant to report the change first to Deronda Riley within ten days. (RR 42, 45-46) He did not ever verify the change of address by going to the new address or the old address but believed that a Deputy Riehl had. (RR 48-49) However, Deputy Riehl never testified.

Paula Bradshaw, who was Appellant's girl friend's mother, testified that she did not see Appellant after he moved from her house at 808 Canal Street until January 30, 2014, and she did not know where he was living. (RR 51) She did not know for certain where he lived and did not know that he had reported a change of address to 305 W. Watson on December 10, 2013. (RR 55)

Joyce Guess, rented a mobile home to Jennifer Smith, who was Appellant's girlfriend, on December 18, 2013. (RR 58-59, State's Exhibit 3). Appellant signed the lease later a few days after Jennifer

7

Smith signed it.  (RR 59)  She had a conversation with Appellant when he told her that he was a sex offender and had a duty to register a change of address if he moved.  (RR 63-64)  Guess never actually confirmed that Appellant was living there at her mobile home and she never saw him very often. (RR 65-66, 68)

Appellant's employer, Charles McCoy, testified that he was picking Appellant up from his home when Appellant was arrested in January, 2014, and that he may have picked him up at the address on FM 2208 twice prior to his arrest in this case.  (RR 73-74)  The rest of the time, McCoy picked Appellant up at the bar-b-que place downtown and assumed he was living near there.  (RR 74-75)  Appellant testified that the bar-b-que place was about 50 feet from his residence.  (RR 82-83)

Appellant testified that he and Jennifer Smith went to Shreveport to his brother's funeral and he was arrested there on December 18, 2013, after his brother's funeral.  (RR 81)  At the jail in Shreveport, he was putting his address on the jail records and told the officer he was moving to another place, but had not moved yet and the officer told him to use the new address where he was going to be living so that they could get in contact with him.  (RR 81-82)  He

further testified that until he moved, he would be living near the bar-b-que place. (RR 82) At the time he got arrested in this case, he had spent about three separate nights with Jennifer at the address on FM 2208. (RR 84-85) Appellant testified that he went to report the change of address to the FM 2208 address before he moved and was told he would have to come back later. (RR 88-90) He got arrested when he came back to change his address and said that he did not move into the FM 2208 address until he got out of jail and after he reported the change of address. (RR 91-92, 108) He also testified that he had tried to report the change of address earlier but was told that he had to get papers from Deronda Riley, and that there was no reason he would not have reported the change of address before he moved in. (RR 108)

## ISSUE NO. ONE

### (Restated)

IS THE EVIDENCE SUFFICIENT TO SUSTAIN APPELLANT'S CONVICTION?

### SUMMARY OF THE ARGUMENT
### Pursuant to T.R.A.P. 38.1(g)

Appellant had been timely reporting changes of address for at least fourteen years before this case allegedly occurred and

9

recounted many of these changes to the jury. (RR 18-21, 79-80) He testified that he did not move in this case before he changed his registration and that any nights he stayed away from his residence were temporary and less than seven days. (RR 84-85) His employer, who picked him up to go to work, confirmed this. (RR 72-77) The State relied upon an address given by Appellant when he was placed in jail in Lousiana but wholly failed to rebut Appellant's testimony that they wanted a good mailing address rather than his actual address if he was going to move to the new address in the near future. (RR 81-82) All of the State's evidence is equivocal and no witness ever went to Defendant's registered address to verify that he had moved from it or to his new address to verify when he in fact moved in there and stayed for more than seven days. Appellant was trying to register his new change of address when he was arrested. (RR 91-92, 10-8) Careful analysis of the testimony shows that the evidence is insufficient to sustain Appellant's conviction because it does not rebut his testimony that he tried to report his change of address as required before he moved and was told to go to see Deronda Riley first and that he actually had reported his change of address before he moved.

ARGUMENT

Pursuant to T.R.A.P. 38.1(h)
Issue No. 1

In <u>Silber v. State</u>, 371 S.W.3d 605, 613 (Tex.App.—Houston 1st

Dist. 2012), the court held that "a registered sex offender is not

required to spend every spare moment and every night at their

registered address.  See <u>Whitney</u>, 472 S.W.2d 524 at 525

(Tex.Crim.App. 1971), where the Court of Criminal Appeals held that

residence is an elastic term and the meaning that must be given to it

depends upon the circumstances surrounding the person involved

and largely depends upon the present intention of the individual.

And, see <u>Mills v. Bartlett</u>, 377 S.W.2d 636 (Tex. 1964), which held

that neither bodily presence alone nor intention alone will suffice to

create the residence, but when the two coincide, at that moment the

residence is fixed and determined.   In <u>Mills</u>, as in the case at bar, the

evidence is not clear that Appellant made the FM 2208 address his

residence less than seven days before he was arrested.

There must be a determination based on the particular facts

and circumstances of the case that Appellant failed to register within

the requirements of Art. 62.102, Code of Criminal Procedure.   As in

<u>Rios v. State</u>, 141 SW3d 750 (Tex. App.—Corpus Christi 2004), there

11

was conflicting testimony as to where the defendant was living and his actual residence was not verified if it was different from his registered address, and thus the evidence was insufficient to sustain the conviction in that case. And, as in Green v. State, 350 S.W.3d 617 at 630-635 (Tex.App. – Houston 14th Dist. 2012), the court made a careful analysis of the evidence as to an address change found that no rational fact finder could have found beyond a reasonable doubt that appellant ever had an intent to change his address that he failed to report not later than the seventh day before the date of the intended address change. See also Simpkins v State, 300 S.W.3d 860, 862-65 (Tex.App.—Texarkana 2009, no pet.) and Martin v. State, 252 S.W.3d 750, 753-54 (Tex.App. – Texarkana 2008, no pet.)

In Simpkins, at page 862, this Court noted that Article 62.051(a), of the Texas Code of Criminal Procedure defines the location of registration:

A person who has a reportable conviction or adjudication or who is required to register as a condition of parole, release to mandatory supervision, or community supervision shall register or, if the person is a person for whom registration is completed under this chapter, verify registration as provided by Subsection (f), with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days. If the person does not reside in a municipality, the person shall register or verify registration in any county where the person resides or intends to reside for more than seven days.

Appellant had been living in the municipality of Jefferson, Texas, but intended to move to an address outside the city but in Marion County. He went to the deputy sheriff who handled registration in the county and was told that he had to first report the change to Deronda Riley at the city police department. He went to Deronda Riley who was out when he called there and he was told to return later. He did return later to register the new address and was arrested, although he testified that he had not moved into the new address yet at that time. This testimony was not rebutted by anyone who checked to see that he had moved out from his old address or had in fact moved into his new address. The burden of proof is on the State and never switches to the Appellant, as is required by the court's charge to the jury in this case. (RR 18) No witness for the State was able to testify unequivocally that Appellant was not staying at the residence for which he was registered or that he had been staying at the new address for more than seven days or that it was more than a mailing address for him. No city police officer or sheriff's deputy or civilian witness could testify of their own personal knowledge or as a result of their own personal investigation that Appellant violated the statutory registration requirements. Appellant's testimony that he had not yet

13

moved as of date of his arrest in this case was simply not rebutted so as to sustain the jury's verdict. His conviction must be reversed and judgment of acquittal entered.

PRAYER

Upon the issue presented, Appellant, Albert Dotie, Jr., prays that this Court reverse the judgment of the trial court and render a verdict of not guilty, and for such other and further relief to which he may be entitled.

Respectfully submitted,

/s/James P. Finstrom
James P. Finstrom
Counsel for Appellant
202 S. Marshall,
P.O. Box 276
Jefferson, Texas 75657
903-665-7111
Fax: 903-665-7167
Texas Bar #07038000

**CERTIFICATE OF SERVICE**

I certify that I have delivered a true copy of this brief to Hon. Angela Smoak, counsel for the State, and to Appellant by United States mail, first class postage prepaid, at the Joe F. Gurney Unit, 1385 FM 3328, Tennessee Colony, Texas 75803, on this 27th day of July, 2015.

/s/James P. Finstrom
James P. Finstrom

**CERTIFICATE OF COMPLIANCE**

I certify that Appellant's Brief filed electronically on this 27th day of July, 2015 complies with Tex. R. App. P. 9.4(i)(2)(B). This Brief contains 2,556 words.

/s/ James P. Finstrom
James P. Finstrom