

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00065-CR
_____

RICHARD CHRISTOPHER HOBBS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 70,509-E, Honorable Douglas Woodburn, Presiding

October 9, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Richard Christopher Hobbs appeals his conviction by jury of the state jail felony offense of failure to register as a sex offender.[1] Through one issue, appellant contends the evidence presented at trial was insufficient to support his conviction. We will affirm.

---

[1] TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(1) (West 2017).

## Background

The September 2015 indictment alleged that appellant "on or about July 14, 2014, and before the presentment of this indictment, in Potter County, Texas, did then and there, while being a person required to register with a local law authority in the City of Amarillo because of a reportable conviction for Attempted Aggravated Kidnapping, intentionally and knowingly fail to register with the local law enforcement authority of the City of Amarillo where the defendant resided."

Appellant was convicted of attempted aggravated kidnapping in 1998.[2] As a result of his conviction, he was required to register as a sex offender each year for ten years following his release from incarceration or supervision. As part of this registration requirement, appellant was required to report any change in residence. By the 2015 charge, appellant was brought to trial because, according to the State, appellant failed to register when he left his registered residence and became a transient with no stable address. Appellant argues the State presented insufficient evidence to support his conviction because it failed to prove his release date from incarceration or supervision and also failed to prove the dates he was required to report and that he failed to report by those dates.

Appellant represented himself at trial, with the assistance of appointed "standby" counsel. The State presented the testimony of Sergeant Richard Anderson. He testified

---

[2] Appellant appealed his conviction, along with his conviction for unauthorized use of a motor vehicle. This Court determined it lacked jurisdiction to consider appellant's appeals and dismissed each appeal. *See Hobbs v. State,* No. 07-98-0226-CR, 07-98-0227-CR, 1999 Tex. App. LEXIS 5312 (Tex. App.—Amarillo July 15, 1999, no pet.) (mem. op., not designated for publication).

that in late April 2015, he was a sex crime detective with the Amarillo Police Department. In that role, he supervised sex offender registration. He testified that late one night at the end of April 2015, he came into contact with appellant after appellant's arrest on an unrelated warrant. Anderson recognized appellant's name because he had received a "link saying that [appellant] was out of compliance" with his sex offender reporting requirements. Anderson testified appellant had not reported as required "since June of 2014." He said appellant "came in once; he called; and it looks like he checked in a couple of more times." But, appellant did not have a current residence and did not report after June of 2014.

Anderson testified that based on his review of police department documents, appellant was sentenced to serve a term of imprisonment of fifteen years and one month for his conviction of attempted aggravated kidnapping. He went on to say, "Ending registration projected date was 4-9-2023, which means he probably served his full time—flat time—whether they released him early or not—4-9 of '13." Anderson then reiterated that appellant was required to register for ten years following his release and that he had not properly done so. Appellant introduced into evidence a document containing dates and other information pertinent to his sex offender registration.

The jury found appellant guilty as charged in the indictment and assessed punishment at confinement in a state-jail facility for a period of fourteen months. This appeal followed.

Analysis

As noted, appellant is required to register as a sex offender as a result of his 1998 conviction for attempted kidnapping.[3] Article 62.102(a) of the Code of Criminal Procedure is a generalized "umbrella" statute that criminalizes the failure to comply with any of the registration requirements set out in Chapter 62. *Robinson v. State,* 466 S.W.3d 166, 170 (Tex. Crim. App. 2015). *See also* TEX. CODE CRIM. PROC. ANN. art. 62.102. To determine whether sufficient evidence supports a criminal conviction, a reviewing court must ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Thomas v. State*, 444 S.W.3d 4, 8-9 (Tex. Crim. App. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014)). This standard of review allows the factfinder to resolve fact issues and to draw reasonable inferences from the evidence. *Id.* (citing *Jackson,* 443 U.S. at 319; *Lucio v. State,* 351 S.W.3d 878, 894 (Tex. Crim. App. 2011)).

As to testimony of witnesses, the factfinder is the sole judge of its credibility and the weight to be given it, and when the record supports conflicting inferences, we presume the factfinder resolved the conflict in favor of the verdict, and we defer to that determination. *Thomas,* 444 S.W.3d at 9 (citing *Jackson,* 443 U.S. at 319). "Each fact need not point directly and independently to the guilt of the appellant, as long as the

---

[3] A "reportable conviction or adjudication" means "a conviction or adjudication, including an adjudication of delinquent conduct or a deferred adjudication, that, regardless of the pendency of an appeal, is a conviction for an adjudication for or based on . . . (C) a violation of Section 20.04(a)(4) (Aggravated kidnapping), Penal Code, if the actor committed the offense or engaged in the conduct with intent to violate or abuse the victim sexually[.]" TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(C) (West 2017).

cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id.* (citing *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). When evaluating the record for evidentiary sufficiency, we consider all of the admitted evidence, even if it was improperly admitted. *Id.* (citations omitted). To determine whether the State has met its burden under *Jackson* to prove a defendant guilty beyond a reasonable doubt, we compare the elements of the crime as defined by the hypothetically correct jury charge to the evidence presented at trial. *Id.* (citing *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

On appeal, appellant does not deny that he was required to register or that he was aware of his duty to register. Rather, he argues the State was required to prove both his release date and his failure to properly report on designated dates. He contends on appeal the State failed to do so.

Anderson testified appellant's projected release date from the registration requirement was April 9, 2023. The document entered into evidence by appellant includes an entry stating, "04-17-2013 1 Sex Offenders Duty to Register 10YRS," supporting a conclusion appellant served his fifteen-year sentence and that his ten-year reporting period expires in April 2023.[4]

Anderson testified that appellant's reporting duties included the requirement to report an address change. TEX. CODE CRIM. PROC. ANN. art. 62.055(i). Anderson told the

---

[4] Also in evidence were documents including the 1992 order deferring adjudication and placing appellant on community supervision for his 1990 commission of attempted aggravated kidnapping and the 1998 judgment adjudicating guilt showing appellant's sentence of 181 months (fifteen years and one month).

court that at the time of appellant's April 2015 arrest, appellant was shown to be homeless and had not reported his move from his registered residence, despite the requirement that he do so "weekly." The statute provides that a person who "resides . . . at a location or locations to which a physical address has not been assigned by a governmental entity" report "not less than once in each 30-day period." *Id.* Anderson testified that while appellant reported in person and by telephone on a few occasions, he failed to do so at all after June 2014. Regardless of the applicable time period for reporting, Anderson's testimony shows appellant's failure to comply with the statute's reporting requirement.

Appellant cites several cases he contends illustrate the insufficiency of the evidence to prove requisite dates. In *Freeman v. State,* No. 07-16-00334-CR, 2017 Tex. App. LEXIS 771 (Tex. App.—Amarillo Jan. 26, 2017, no pet.) (mem. op., not designated for publication), this Court concluded there was no evidence in the record to show the date of the defendant's release from confinement was within five years of his possession of a firearm. *Freeman,* 2017 Tex. App. LEXIS 771, at *8-9. Here, the document appellant introduced, together with Anderson's testimony, permits a conclusion beyond reasonable doubt that appellant's ten-year reporting requirement was in effect during the periods at issue. *Freeman* does not assist appellant. Our review of the other cases appellant cites satisfies us they do not call for a contrary conclusion. *See Saldana v. State,* 418 S.W.3d 722 (Tex. App.—Amarillo 2013, no pet.); *Simpkins v. State,* 300 S.W.3d 860 (Tex. App.—Texarkana 2009, no pet.).

We find the evidence sufficient to support appellant's conviction and overrule appellant's sole issue on appeal.

## Conclusion

Having resolved appellant's issue against him, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.