COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| ROBERT HERRON, | | No. 08-17-00239-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 205th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20160D03600) |
| | § | |

## **O P I N I O N**

Robert Herron (Appellant) appeals his conviction under article 62.102(a) of the Texas Code of Criminal Procedure for failing to register as a sex offender. His sole issue involves the sufficiency of the evidence underlying the conviction. Allegedly, the State failed to prove a particular element of the crime, that element being the requirement he register with the El Paso County Sheriff. We sustain the issue and reverse the judgment.

### *Background*

It is undisputed that Appellant, having been convicted of sexually assaulting a child, was a person obligated to register as a sex offender. On June 24, 2016 and immediately prior to his release from an intermediate sanctions facility in Brownfield, Texas (ISF), he executed a "Pre-Release Notification Form." The intent was to release Appellant from ISF and return him to a

halfway house. As testified to by the unit supervisor of the Texas Department of Criminal Justice Parole Division, Appellant "… was to report immediately to the residential reentry center, which was the halfway house in Horizon City." Its address was 1700 Horizon Blvd North, El Paso, Texas and constituted "…one of our halfway houses in Horizon City [that] we call the north building." Via his execution of the form, Appellant confirmed his obligation and agreement to "personally appear at the following local law enforcement authority to verify and complete my registration …." The "Local Law Enforcement Agency Name" alluded to was "Horizon City Police Department" located at "14999 Darrington Rd Unit 7, Horizon City, TX 79928."

Appellant did not show-up as promised, though. Personnel charged with his transportation to the halfway house took him to a local bus station. While they were acquiring a ticket for him, he "absconded." Authorities eventually arrested him in South Texas. That resulted in Appellant being indicted under article. 62.102(a).

The State alleged, in its indictment, that Appellant "…[d]id then and there, while being a person required to register with the local law enforcement authority to-wit: El Paso County Sheriff, in the county where [Appellant] resided or intended to reside for more than seven days, to-wit: El Paso, … intentionally or knowingly fail[ed] to register with the local law enforcement authority in said El Paso County …." Trial was to the court, and during same, the State did present evidence illustrating that Appellant failed to report to or register with that sheriff. Yet, whether Appellant reported to or registered with the local law enforcement authority prescribed in the pre-release form, *i.e.* Horizon City Police Department, was a topic unaddressed by the State. Neither of the two witnesses presented at trial discussed that. Nor did the State call any representative from the Horizon Police Department to address whether he registered with it in any manner. Nonetheless,

2

the trial court found Appellant guilty of the "offense of failure to register" with the El Paso County Sheriff.

*Authority*

As mentioned earlier, Appellant contends that insufficient evidence supports his conviction because the State proved merely that he failed to register with the El Paso County Sheriff. We sustain the issue.

The standard of review is that recently described in *Ramjattansingh v. State*, 548 S.W.3d 540 (Tex. Crim. App. 2018) and *Morrow v. State*, No. 08-16-00040-CR, 2019 WL 1499484, at *6 (Tex. App.—El Paso Apr. 5, 2019, no pet.) (not designated for publication). The standard described in them implicates the elements of the crime as defined in a hypothetically correct jury charge. A hypothetically correct charge is one that accurately sets forth the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or restrict its theories of liability, and adequately describes the particular offense. *Ramjattansingh*, 548 S.W.3d at 546. The prong of being "authorized by the indictment" refers to the statutory elements of the crime as modified by the charging instrument. *Id.* And, in applying the prong, it must be remembered that where the statute describes several ways of committing the crime or has several definitions of an element of the crime and the indictment alleges less than all, then the State is limited to the methods or definitions alleged. *Id.* That is, the conviction may not be affirmed simply because evidence may also prove a violation based on the other unalleged ways or definitions. Finally, one violates article 62.102(a) of the Code of Criminal Procedure if he or she is a person required to register and fails to comply with any requirement imposed by chapter 62 of that Code. TEX. CODE CRIM. PROC. ANN. art. 62.102(a); *Robinson v. State*, 466 S.W.3d 166, 170 (Tex. Crim. App.

3

2015).

*Analysis*

Again, the State indicted Appellant for "… being a person required to register with the local law enforcement authority to-wit: El Paso County Sheriff, in the county where [he] resided or intended to reside for more than seven days, to-wit: El Paso," and who " … intentionally or knowingly fail[ed] to register with the local law enforcement authority in said El Paso County ...." In play here is not whether Appellant was someone obligated to register. He does not question that. His complaint lies with the State's proof regarding his purported failure to register as mandated by chapter 62 of the Code of Criminal Procedure. Did the State prove he violated article 62.102(a) by failing to register with the entity alleged in the indictment (*i.e.* the El Paso County Sheriff) upon his release from ISF at the end of June 2016. Appellant argues that he did not since the State neglected to establish an obligation to register with that sheriff. We agree.

Chapter 62 of the Code prescribes various governmental agencies or authorities with whom individuals within its scope must register. Because of the number of those agencies or local law enforcement authorities, the State has the burden "to prove the elements which established the identity of the law enforcement entity with which [the accused] was required to register." *Simpkins v. State*, 300 S.W.3d 860, 863 (Tex. App.—Texarkana 2009, no pet.); *see also Webster v. State*, No. 06-17-00093-CR, 2017 WL 4937994, at *2 (Tex. App.—Texarkana Nov. 1, 2017, no pet.) (mem. op., not designated for publication) (reaffirming *Simpkins*). In other words, the State must prove the identity of the particular agency with which the accused was obligated to register, and it does that by satisfying the test inherent in the definition of "local law enforcement authority."

The definition of "local law enforcement authority" appears at article 62.001(2) of the Code

4

of Criminal Procedure. It means "…the office of the chief of police of a municipality, the office of the sheriff of a county in this state, or a centralized registration authority." TEX. CODE CRIM. PROC. ANN. art. 62.001(2). From this definition, we see that there are three possible entities at which a sex offender must register. Which one is the applicable entity in any particular case depends upon either the edict of a county commissioners court or the residence or intended residence of the offender, as explained in articles 62.004, 62.051, and 62.0045 of chapter 62.

For instance, under article 62.004(a), the Texas Department of Public Safety selects the entity. Through it, the legislature said that: "[e]xcept as provided by Subsection (a-1), for each person subject to registration … the department shall determine which local law enforcement authority serves as the person's primary registration authority …." TEX. CODE CRIM. PROC. ANN. art. 62.004(a).[1] Furthermore, the determination is "based on the municipality or county in which the person resides or, as provided by Article 62.152, the municipality or county in which the person works or attends school." *Id.*

Similarly, the geographic location of offender's residence or intended residence dictates a determination under article 62.051 of the Code. TEX. CODE CRIM. PROC. ANN. art. 62.051. Through the provision, the legislature declared that a person required "to register as a condition of parole, release to mandatory supervision, or community supervision shall register … with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days." *Id.* at 62.051(a). If he or she "does not reside or intend to reside in a municipality, [then] the person shall register … in any county where the person resides or intends to reside for more than seven days." *Id.* So, if the offender lives in an unincorporated area he

---

[1] Statute specifies the Texas Department of Public Safety as the "department." TEX. CODE CRIM. PROC. ANN. art. 62.001(1).

registers with the county sheriff; if living within an incorporated areas or municipality, he registers with that municipality's police department.  *Simpkins*, 300 S.W.3d at 864.

Or, the county's commissioners court wherein the offender lives or intends to live may designate a centralized registration authority per article 62.0045.  TEX. CODE CRIM. PROC. ANN. art. 62.0045(a) (stating that the commissioners court may designate the office of the sheriff of the county or may, through interlocal agreement, designate "the office of a chief of police of a municipality in that county to serve as a mandatory countywide registration location for persons subject to this chapter").  Should a commissioners court make such a selection, the centralized registration authority chosen becomes the primary registration authority at which the registrant must register.  *Id.* at art. 62.004(a-1) & 62.0045(b).

Here, the June 2016 pre-release form executed by the Texas Department of Corrections and Appellant disclosed both the geographic place where Appellant was expected to reside and the authority with which he was to register.  The former was "1700 Horizon BLVD North, El Paso, Texas 79928" and the latter the "Horizon City Police Department" at "14999 Darrington Rd. Unit 7, Horizon City, TX 79928."  Whether the Department of Public Service selected the Horizon City Police Department as the pertinent location is unknown.  No one testified to that.  Nor did the pre-release form or any other exhibit indicate as much.  Yet, it is clear that Appellant was being sent to a "halfway house in ***Horizon City***" according to the unit supervisor from the Texas Department of Criminal Justice Parole Division.  (Emphasis added).  The halfway house apparently being within the borders of the Horizon City or City of Horizon municipality, it would seem appropriate to designate that municipality's police department as the point of registration per article 62.051(a).  TEX. CODE CRIM. PROC. ANN. art. 62.051(a); *Simpkins*, 300 S.W.3d at 863.

6

This is especially so when nothing of record indicates that a commissioners court selected a different locale as the applicable registration authority under article 62.0045.

Despite Appellant being sent to reside within Horizon City and told to register with that city's police department, the State accused him of neglecting to register with the sheriff. So too did its evidence prove what it alleged; Appellant did not register with the sheriff of El Paso County. But, as previously mentioned, nothing was said or presented about whether Appellant registered elsewhere, such as with the Horizon City police. Indeed, the only witness discussing whether Appellant registered upon his June 2016 release from ISF conceded that he did not know if Appellant actually registered with any authority. That is, the sheriff's detective answered "correct" when asked: "[s]o you wouldn't know if he had reported anywhere or not, correct?"

Nor did either of the State's witnesses describe the halfway house to which Appellant was sent as located outside a municipality. Quite the contrary. One described the place as (1) "the halfway house *in Horizon City*" and (2) "…one of our halfway houses *in Horizon City* [that] we call the north building." (Emphasis added). The other alluded to the houses as being "in Horizon."

In short, the evidence of record indicates that the place where Appellant was to reside lay within the municipality of Horizon City. No evidence illustrates that it lay outside an incorporated area and solely within El Paso County. So, the State failed to satisfy an element of its burden, just as it did in *Simpkins*. Without proving that the geographic location of the halfway house lay within an unincorporated area of El Paso County, it failed to prove that Appellant violated chapter 62 by neglecting to register with the El Paso County Sheriff. And its subsequent arguments urged in effort to fill the void are themselves insufficient.

7

For instance, the circumstances before us do not implicate a mere failure to issue a valid pre-release form, as suggested by the State. *See* TEX. CODE CRIM. PROC. ANN. art. 62.053 (prescribing the issuance of the pre-release form and specifying its content). Irrespective of the form's content, establishing that Appellant resided or intended to reside within a locale outside a municipality and, consequently, had to register with the sheriff was a prerequisite to proving guilt. *Simpkins*, 300 S.W.3d at 864. The State did not do that.

Nor is Appellant having signed a pre-release form in February 2016 directing him to register with the sheriff of consequence for several reasons. First, the form simply told him where to register; it did not say anything suggesting that he had to register there because the halfway house lay in an unincorporated area. Second, a county sheriff's "jurisdiction" extends throughout the county. *See* TEX. CODE CRIM. PROC. ANN. art. 2.17 (stating that each sheriff is a conservator of the peace "in his county"); *Dominguez v. State*, 924 S.W.2d 950, 954-55 (Tex. App.—El Paso 1996, no pet.) (stating that a "county sheriff's jurisdiction to conduct investigations and make arrests is county-wide.") Because it does, it necessarily encompasses any geographic area of a municipality within that county. *See Weber v. City of Sachse*, 591 S.W.2d 563, 567-68 (Tex. App.—Dallas 1979, writ dism'd) (recognizing that a sheriff has the discretion to select the number of sheriff deputies assigned to patrol within a municipality). So, because a sheriff has "jurisdiction" inside and outside of municipalities located within a county, it does not reasonably follow that merely because an offender is told to register with the sheriff, he must reside outside all municipalities within the county.

Third, the February 2016 pre-release form was not the form generated immediately prior to Appellant's departure from ISF in June of 2016. Another was executed telling him to register

8

with the City of Horizon Police Department. We hesitate to hold that designations in earlier forms supersede like designations in the last from issued by the State, especially when the designations cover the exact same topic.

Fourth, if being told earlier to register with the El Paso County Sheriff is evidence that Appellant intended to reside outside a municipality in February of 2016, then being told to register with the Horizon City police is evidence that he was going to live within a municipality upon his release in June of 2016. Yet, as illustrated above, neither designation is evidence of whether the geographic location of where an offender intends to live falls inside or outside a municipality. And, to hold contrary would be to reject *Simpkins* and its holding that the aforementioned element must be established through evidence. There would be no need for evidence establishing the element if the designation itself proved it.

Of no moment as well is the State's suggestion that the sheriff detective proved Appellant had to register with the sheriff. This proof allegedly came in the form of the detective telling the trial court that Appellant had to register there because the sheriff had "jurisdiction" over the halfway house. No one asked the detective to clarify what he meant when uttering the conclusory statement. Whether he was alluding to power versus geography is up for speculation. Nonetheless, we discussed above why the mere concept of "jurisdiction" over a geographic spot within a county fails to establish whether the spot lies outside a municipality. Again, it may lay in or out. To that, we note other reasons for deeming the argument deficient.

First, and as observed, the detective's statement about the sheriff having jurisdiction was conclusory. Neither context nor evidentiary support accompanied it. Without such evidentiary support, conclusions are no evidence of the fact at issue. *See, e.g., Herrington v. State*, 534

9

S.W.2d 331, 334-35 (Tex. Crim. App. 1976) (stating that "[t]he bare conclusory statement of the witness 'He failed to report as directed by the probation officer at least once per month' in the absence of further facts concerning such failure is too vague, indefinite and ambiguous to reflect that appellant failed to report as directed by the court"). Second, statute controls the determination of the pertinent agency at which registration must occur. Statute also prescribes the methods used to make the selection. None encompass selection by a local sheriff or member of the sheriff's office. Rather, each requires proof of certain criteria distinct from what a sheriff or his employee may conclude the location to be. Third, and most importantly, the complete statement of the detective is quite telling. When asked why Appellant "was he required to report to the El Paso County sheriff's office as opposed to the El Paso Police Department," the detective said "[b]ecause we have jurisdiction at the -- when I say 'we' -- the sheriff's office has jurisdiction at the halfway houses *in Horizon*." (Emphasis added). That indicates the houses were in the city of "Horizon," as opposed to the area lying outside its boundaries.

As for the final argument of the State, we assume *arguendo* that Appellant reported neither his change of address upon absconding nor his intent to change his address by absconding. So too do we assume *arguendo* that such neglect fell within the parameters of article 62.102(a) of the Code of Criminal Procedure. Yet, the State opted to indict Appellant for the distinct offense of failing to register with the local law enforcement authority, not for neglecting to report an address change or intent to change an existing address. As we said above, "[w]hen a Texas statute lists more than one method of committing an offense or definition of an element of an offense, and the indictment alleges some, but not all, of the statutorily listed methods or definitions, the State is limited to the methods and definitions alleged" in the indictment. *Ramjattansingh*, 548 S.W.3d

10

at 546-47; *accord Nikolaev v. State*, 474 S.W.3d 711, 714 (Tex. App.—Eastland 2014, pet ref'd) (applying the same rule in a case involving chapter 62 of the Code of Criminal Procedure). Having chosen to indict Appellant for failing to register, the State cannot now protect its conviction by arguing that Appellant committed infractions other than those mentioned in the indictment. *See Martin v. State*, No. 11-14-00060-CR, 2016 WL 1294252, at *4 (Tex. App.—Eastland Mar. 31, 2016, no pet.) (mem. op., not designated for publication) (holding that the State was limited to the charge of failure to report a change in an online identifier because that was the charge alleged in the indictment); *Roberts v. State*, No. 05-11-00450-CR, 2012 WL 2362530, at *3 (Tex. App.— Dallas June 22, 2012, no pet.) (mem. op., not designated for publication) (rejecting the argument that the appellant could be prosecuted for the failure to change addresses in violation of the registration statute when that mode of violating the statute was omitted from the indictment); *Rios v. State*, 141 S.W.3d 750, 753 (Tex. App.—Corpus Christi 2004, pet. ref'd) (stating that "In proving Rios failed to comply with registration requirements, the State was … limited to the allegation in the indictment: that he failed to report within seven days of his 'arrival in'- or return to- Corpus Christi'").

Here, the record lacks legally sufficient evidence to support Appellant's conviction for the offense charged in the indictment. And, under the facts at bar, we find no lesser included offense for which Appellant could be convicted per *Thornton v. State*, 425 S.W.3d 289, 299 (Tex. Crim. App. 2014). *See Martin*, 2016 WL 1294252, at *5 (finding *Thornton* inapplicable to a conviction under chapter 62 because the reviewing court could not "see how there could be a lesser included offense that would apply to the facts of this case"). Consequently, we reverse the judgment of the trial court and render a judgment of acquittal.

11

The trial court certified Appellant's right to appeal in this case, but the certification does not bear Appellant's signature indicating that he was informed of his rights to appeal and to file a *pro se* petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX.R.APP.P. 25.2(d). The certification is defective, and has not been corrected by Appellant's attorney, or the trial court. To remedy this defect, this Court ORDERS Appellant's attorney, pursuant to TEX.R.APP.P. 48.4, to send Appellant a copy of this opinion and this Court's judgment, to notify Appellant of his right to file a *pro se* petition for discretionary review, and to inform Appellant of the applicable deadlines. *See* TEX.R.APP.P. 48.4, 68. Appellant's attorney is further ORDERED, to comply with all of the requirements of TEX.R.APP.P. 48.4.

BRIAN QUINN

July 31, 2019

Before Rodriguez, J., Palafox, J, and Quinn, C.J.
Quinn, C.J., sitting by assignment

(Do Not Publish)