**Eli WHITNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44146.**

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

Ruth J. Blake, Houston (Court appointed on appeal), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Richard Hoffman, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation.

The record reflects that on November 12, 1969, appellant plead guilty before the court to the offense of assault with a prohibited weapon. The punishment was assessed at three years, but the imposition of the sentence was suspended and appellant was granted probation.

One of the terms and conditions of the probation was:

"(g) Remain within the limits of Harris County, Texas, and change place of residence only with permission from the probation officer."

On January 19, 1970, the State filed a motion to revoke probation alleging that appellant violated his probationary conditions in that "said defendant did change his place of residence without permission from the probation officer."

Appellant raises three grounds of error, only one of which we will discuss.

Appellant contends that the trial court abused its discretion in revoking the probation on the ground that appellant had changed his residence without permission, because the evidence was insufficient to prove that appellant had changed his residence.

The testimony indicated that appellant went to Florida and was taken into custody there. He had spent approximately three nights in Florida, staying in motels. One of his companions testified that appellant had told him that he was looking for employment in Florida.

We feel this evidence was not sufficient to justify the trial court's finding that appellant had changed his residence.

*Residence* is an elastic term. The meaning that must be given to it depends upon the circumstances surrounding the person involved and largely depends upon the present intention of the individual. Mills v. Bartlett, 377 S.W.2d 636 (Tex.1964). Neither bodily presence alone nor intention alone will suffice to create the residence, but when the two coincide, at that moment the residence is fixed and determined. Mills v. Bartlett, supra.

In the instant case, the bodily presence of appellant in Florida is undisputed. It is also clear that he intended to seek employment there. However, the evidence is not clear that he made Florida his residence.

Residence may be temporary or permanent in nature. However, residence generally requires some condition greater than mere lodging. Stadtmuller v. Miller, 11 F.2d 732 (2nd Cir. 1926). The term implies a place of abode, albeit temporary, rather than a mere transient lodging. See generally, 25 Am.Jur.2d Domicil, § 4 (1966); 77 C.J.S. Residence (1952).

While residence may be temporary, permanent or transient in character, or may be a fixed abode, depending on the purpose of the particular object of its use, Switzerland Gen. Ins. Co. v. Gulf Ins. Co., 213 S.W.2d 161 (Tex.Civ.App.— Dallas, 1948 err. dismd.), we feel that the use of the term in the condition of pro-

bation required more than an overnight stay in a motel.

We simply cannot hold that a showing, without more, that a person has traveled to a distant city, spent one or two nights in a motel there, and expressed an intent to seek employment is sufficient to establish the fact that the person has made that locale his residence. Something further must be shown. Here, there was no showing of an intent to remain (the intent may, in fact, have been conditioned on finding employment), nor a showing that a former residence had been abandoned (such a showing is not mandatory, because one may have more than one residence, but it is of evidentiary value), nor a showing that appellant had established a place of abode in Florida.

We would also note that the condition of probation is ambiguous. It can be read as (1) requiring that the probationer remain within Harris County, Texas, and secure permission for any change of residence, such change being limited to Harris County, Texas, or (2) it can be read as the trial court has apparently construed it, that is, as requiring permission of the trial court for *any* change of residence, or (3) it can be read as requiring permission of the probation officer before leaving Harris County,[1] depending on the meaning given to the term *residence*.

The court would do well to clarify its future probation orders so as to avoid ambiguity, keeping in mind the limits within which the court may delegate its authority to the probation officer. See, McDonald v. State, 442 S.W.2d 386 (Tex.Cr. App.1969).

We would also note that the evidence was not controverted that appellant was in Florida without permission. However, the State did not allege mere presence, but alleged residence. The proof offered failed to meet the allegations of the State's motion to revoke. Therefore, the revocation was an abuse of discretion. Perry v. State, 459 S.W.2d 865 (Tex.Cr. App.1970).

The judgment is reversed and the cause remanded.

---

1. Appellant had received permission to go to his parents' home in Arkansas.