**Opinion filed February 27, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00049-CR

_____

### NIKOLAI NIKOLAEV, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**
**Haskell County, Texas**
**Trial Court Cause No. 6483**

### O P I N I O N

After a bench trial, the trial court convicted Nikolai Nikolaev of failure to comply with the sex offender registration requirements of Chapter 62 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102 (West Supp. 2013). The trial court assessed Appellant's punishment at confinement for twenty years. We reverse and render a judgment of acquittal.

*Issue on Appeal*

In his sole issue on appeal, Appellant challenges the sufficiency of the evidence to support his conviction.

*Sufficiency of the Evidence*

We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In a bench trial, the trial court, as the trier of fact, is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995).

*The Evidence at Trial*

The evidence showed that, in 1999, Appellant was convicted in Florida for performing a lewd or lascivious act in the presence of a minor under the age of sixteen. Upon Appellant's release from prison, he was required to register as a sex offender.

In 2006, Appellant moved to Haskell County and registered as a sex offender with the sheriff's office. On his registration form dated August 18, 2010, Appellant listed his residence as 200 North Sixth, Haskell, Texas.

In December 2010, the Haskell County Sheriff's Office received notice from the Department of Public Safety that Appellant had failed to comply with a recent change in the law that required him to register every ninety days instead of annually. Sheriff David Halliburton went to 200 North Sixth, which was

Appellant's registered residence, to notify Appellant about his noncompliance with the law. When Sheriff Halliburton arrived at the residence, Appellant was not there.

For a few months, Sheriff Halliburton checked the house at 200 North Sixth on a weekly basis but never encountered Appellant. Appellant did not have his mail delivered to the house but, instead, received it at the post office. Sheriff Halliburton went to the post office and was informed there that Appellant checked his mail only once every three or four months. Sheriff Halliburton believed that Appellant did not actually live at the house and that, therefore, Appellant was in violation of his sex offender registration requirements. Sheriff Halliburton procured an arrest warrant for Appellant, and Appellant was subsequently arrested.

After the arrest, Sheriff Halliburton obtained a warrant to search Appellant's registered residence. Sheriff Halliburton and other officers searched the house. Sheriff Halliburton testified that, at that time, the house appeared unoccupied and was surrounded by weeds. Inside the house, Sheriff Halliburton found no cookware or dishes. The house did not have water, gas, or electricity service, and the bedroom had a large hole in the roof. The house contained minimal furniture. Sheriff Halliburton said that a couch in the house had a sheet and a blanket on it. Clothing was found in the house, but Sheriff Halliburton described the clothing as "old." Sherriff Halliburton testified that Appellant "could've been staying there."

Appellant testified that he bought the house located at 200 North Sixth in 1996 and that he had lived there ever since. Appellant said that the house was the only property he owned and that he was current on the payment of taxes on the property.

Appellant testified that his occupation as a truck driver required him to be away from Haskell for long periods of time. Thus, he only stayed overnight at his house about twice a month. Appellant said that he was an independent contractor

3

and that he drove trucks that were leased temporarily from other parties. Appellant explained that, because he never stayed in one place for more than a couple of days, he slept in each truck's overhead compartment during his cross-country trips.

Appellant explained that the wiring and pipes in his house needed to be repaired before utility services could be restored. Although he had little time to work on the house, Appellant said that he planned to do the repairs himself. He said that he used camping equipment to cook food and that he used containers to bring water to the house. Appellant testified that he took sponge baths when he stayed at the house. Appellant explained that, when he was on the road, he showered in truck stops.

*Analysis*

Appellant contends that the evidence was insufficient to establish that he failed to comply with the sex offender registration requirement to notify law enforcement of a change of residence because there was no evidence that he changed his residence. If a person who is required to register under the sex offender registration program intends to change addresses, he must report the change in person to the local law enforcement authority designated as his primary registration authority not later than the seventh day before the intended change. CRIM. PROC. art. 62.055(a). If the person moves to a new residence, he must report to the local law enforcement authority where the new residence is located, not later than the seventh day after the move. *Id.* If the person fails to comply with any requirement of Chapter 62, he may be charged with a felony. *Id.* art. 62.102(a).

The Code of Criminal Procedure does not explain what constitutes a "residence." In *Whitney v. State*, the Court of Criminal Appeals held that "residence" is an "elastic term" and "[t]he meaning that must be given to it depends upon the circumstances surrounding the person involved and largely depends upon the present intention of the individual." 472 S.W.2d 524, 525 (Tex.

4

Crim. App. 1971). The court further noted that "[n]either bodily presence alone nor intention alone will suffice to create the residence, but when the two coincide, at that moment the residence is fixed and determined." *Id.*

In this case, the State argues that Appellant's conviction should be affirmed because the evidence was sufficient to establish that he moved to another residence in violation of Article 62.055(a) or that he lived in a truck and failed to confirm his location every thirty days in violation of Article 62.055(i). *See* CRIM. PROC. art. 62.055(a), (i). The State contends that it was required to prove only that Appellant no longer lived at his registered residence and that it met this burden.

The indictment alleged that Appellant committed the offense of failure to comply with the sex offender registration requirements of Chapter 62 in one specific way: by failing to update or correct his current place of residence, in violation of Article 62.055(a). Having specified the narrow manner in which Appellant allegedly violated Chapter 62, the State was limited to the manner specified in the indictment. *See Thomas v. State*, 411 S.W.3d 685, 691 (Tex. App.—Texarkana 2013, pet. filed) (quoting *Geick v. State*, 349 S.W.3d 542, 545 (Tex. Crim. App. 2011), for the proposition that "[w]hen a statute lays out several alternative methods of committing the offense, and the indictment alleges only one of those methods, 'the law as authorized by the indictment' is limited to the method specified in the indictment."). Thus, at trial, the State was required to prove beyond a reasonable doubt that Appellant failed to correct or update his current place of residence in violation of Article 62.055(a).

At trial, the State did not advance a theory as to where Appellant moved his residence other than to suggest that he was living out of the leased trucks he used for work. The State presented no evidence that Appellant maintained a particular truck for an extended period of time or that he moved his personal belongings to any particular truck. However, the State argues that evidence presented at trial

5

sufficiently established that Appellant moved from his registered residence and failed to update the local authorities with his current place of residence. To support its argument, the State points to Appellant's minimal use of his registered residence and the poor condition of that residence.

Appellant worked as a truck driver, and he informed the Haskell County Sheriff's Office of his occupation when he completed his registration form. Although Appellant was frequently away from his registered residence due to work, the State presented no evidence showing that he had abandoned ownership or control of the residence. The evidence showed that Appellant maintained some furniture and belongings at the residence.

Appellant's frequent and prolonged absences from the registered residence did not establish that he had stopped using the house as his primary residence. *See Shelton v. State*, No. 05-01-00458-CR, 2003 WL 1870529, at *2–4 (Tex. App.— Dallas Apr. 14, 2003, no pet.) (not designated for publication) (finding that the appellant had not moved from his registered residence even though he would frequently spend several consecutive nights at local motels). Nor did the lack of utility services at the registered address establish that Appellant no longer used the house as his residence. *See Silber v. State*, 371 S.W.3d 605, 609–13 (Tex. App.— Houston [1st Dist.] 2012, no pet.) (holding that the appellant had not changed his residence from his registered address despite the fact that the house had never had electricity service during the time that he had lived there).

As the offense was alleged in the indictment, Appellant could not have violated Chapter 62 if he did not change his residence from his registered address to another residence. There was no evidence that Appellant changed his residence. Based on the evidence, we conclude that a rational trier of fact could not have found that Appellant changed his residence or that he intended to change his residence. The evidence was insufficient to establish that Appellant failed to

6

correct or update his current place of residence as specifically charged in the indictment; therefore, the evidence was legally insufficient to support his conviction. Appellant's sole issue on appeal is sustained.

*This Court's Ruling*

We reverse the judgment of the trial court, and we render a judgment of acquittal.


MIKE WILLSON

JUSTICE


February 27, 2014

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Chew[1]

Bailey, J., not participating.

---

[1]David Chew, Retired Chief Justice, Court of Appeals, 8th District of Texas at El Paso, sitting by assignment.