**Opinion filed March 31, 2017**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-15-00053-CR

_____

## WILLIAM MALCHUM JOHNSON, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. 44096**

## MEMORANDUM OPINION

William Malchum Johnson waived his right to a jury trial, and after a bench trial, the trial court found him guilty of the offense of possession of a controlled substance, in penalty group one, in an amount of less than one gram.[1] Appellant pleaded "true" to two enhancement paragraphs for two prior felony convictions, and the trial court found both of them to be "true." The trial court assessed punishment at confinement for fifteen years and then sentenced him. On appeal, Appellant raises

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010).

three issues: (1) lack of probable cause to search him, (2) insufficiency of the evidence, and (3) objection to improper closing argument by the State. We affirm.

## I. *The Charged Offense*

The grand jury indicted Appellant for possession of a controlled substance in penalty group one along with two enhancement allegations for prior felony convictions. A person commits the offense of possession of a controlled substance in penalty group one if he "knowingly or intentionally possesses a controlled substance listed in Penalty Group 1, unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice." HEALTH & SAFETY § 481.115(a). This offense is a state jail felony if the amount possessed is less than one gram, but the punishment is enhanced to that of a second-degree felony when the person is shown to have had two prior felony convictions that are not state jail felonies. *Id.* § 481.115(b); TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2016). The punishment range for a second-degree felony is imprisonment for not less than two years and not more than twenty years; a fine of up to $10,000 may also be imposed. PENAL § 12.33 (West 2011).

Before trial, Appellant moved to suppress evidence of a search of his person, and the trial court denied that motion and issued findings of fact and conclusions of law. Appellant pleaded not guilty and proceeded to trial. At trial, Appellant moved again to suppress the evidence, and the trial court denied that motion.

## II. *Evidence at Trial*

This case arose out of a traffic stop. Kienan Brant Goodnight, an officer with the Midland Police Department, ran the license plate of Appellant's vehicle through the database and could not confirm that the plate was valid or that the vehicle was covered by insurance. After Officer Goodnight had stopped the vehicle and approached it, he observed an expired registration. The driver, Appellant, appeared nervous and requested permission to smoke a cigarette. The passenger in

2

Appellant's vehicle told the officer of their intended destination, but that explanation was inconsistent with the direction that they were traveling.

Appellant failed to produce a driver's license or proof of insurance, and Officer Goodnight observed that the vehicle's back license plate did not match the front license plate. He also observed a red bandana displayed on the vehicle's dashboard, a possible gang symbol or gang affiliation with the "Bloods" criminal organization. Appellant would not make eye contact with Officer Goodnight and again requested to smoke a cigarette, which Officer Goodnight allowed. When Appellant reached for his cigarette, Officer Goodnight observed a large wad of cash in Appellant's pocket.[2] Officer Goodnight searched Appellant's name and the passenger's name in a database and discovered that the passenger had active warrants out for her arrest.[3] He then called for backup and decided to search Appellant for a weapon, as Appellant's suspicious behavior and the passenger's warrants indicated to him that Appellant could pose a threat.

Officer Goodnight asked Appellant to exit the vehicle and began a pat-down of Appellant to search for weapons. He asked Appellant if he could search Appellant's pockets, and Appellant asked why he had been stopped. Officer Goodnight cited Appellant's multiple traffic violations and again asked Appellant for permission to search his pockets for weapons, to which Appellant answered, "Go for it." As he reached into Appellant's front right pocket, he immediately felt a small plastic baggie. He knew from experience that this kind of baggie often contained narcotics. After he removed the baggie, Officer Goodnight observed that the baggie contained a white, powdery substance, which he believed to be cocaine. He placed Appellant in handcuffs while he field-tested the substance;

---

[2]Officer Goodnight did not seize the cash; he was told that it belonged to Appellant's girlfriend.

[3]Officer Goodnight arrested the passenger as well.

3

the substance tested positive for cocaine. The police arrested Appellant for possession of a controlled substance.

### III. *Analysis*

Appellant advances three issues on appeal. At the outset, we address his second issue on sufficiency of the evidence. We will then address the probable cause issue for the search of Appellant followed by his third issue on improper closing argument.

A.　　*Issue Two*: *The State adduced sufficient evidence for a rational factfinder to find Appellant guilty beyond a reasonable doubt of the offense of possession of a controlled substance, penalty group one, in an amount of less than one gram.*

In his second issue, Appellant contends that there was insufficient evidence to support his conviction. We utilize the standard outlined in *Jackson v. Virginia* to review a challenge to the sufficiency of the evidence. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In a bench trial, the trial court, as the trier of fact, is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995); *see Nikolaev v. State*, 474 S.W.3d 711, 712 (Tex. App.—Eastland 2014, pet. ref'd). We defer to the trier of facts' resolution of any conflicting inferences raised in the evidence and presume that the trier of fact resolved such conflicts in favor of the verdict. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 894; *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).

4

A hearing on a motion to suppress does not test the sufficiency of evidence, only its admissibility. *Wilson v. State*, 857 S.W.2d 90 (Tex. App.—Corpus Christi 1993, pet. ref'd). When conducting a sufficiency review, a court considers all evidence in the record, whether admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013) (citing *Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006)). Thus, we consider the challenged evidence when we determine whether the evidence was sufficient to support Appellant's conviction.

In the present case, sufficient evidence existed to support the trial court's finding of guilt. The record shows that Officer Goodnight removed a baggie from Appellant's pocket. In the baggie, Officer Goodnight saw what appeared to be cocaine. He field-tested the white powdery substance, and it tested positive for cocaine. At trial, over defense counsel's objections on the unreasonable search, the trial court admitted the lab report that showed that the substance seized by Officer Goodnight was less than one gram of cocaine, a controlled substance in penalty group one. We hold that the State adduced sufficient evidence for the trial court to have found beyond a reasonable doubt that Appellant possessed less than one gram of cocaine, a controlled substance in penalty group one. We overrule Appellant's second issue on appeal.

B.     *Issue One: The trial court did not abuse its discretion when it denied Appellant's request to suppress the cocaine found in his pocket because Officer Goodnight utilized the "plain feel" doctrine to support his seizure of the cocaine.*

In his first issue, Appellant asserts that the police conducted an unreasonable warrantless search of his person and that the trial court should have suppressed the cocaine found in his pocket. Appellant argues that, since he only consented to a search of his person for weapons, Officer Goodnight's discovery of cocaine improperly exceeded the scope of his consent. The State argues that Officer Goodnight's search was proper under the "plain feel" doctrine. As we

5

explain below, we agree with the State that the "plain feel" doctrine applied in this case, and the trial court did not abuse its discretion when it denied Appellant's motion to suppress the cocaine seized from his pocket.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We must affirm the trial court's ruling if it is correct under any theory of law applicable to the case. *State v. Copeland*, 501 S.W.3d 610, 613 (Tex. Crim. App. 2016); *Romero v. State*, 800 S.W.2d 539, 543–44 (Tex. Crim. App. 1990). We give great deference to the trial court's findings of historical facts if the record supports the findings. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). Because the trial court is the exclusive factfinder, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche*, 10 S.W.3d at 328. We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 87. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id.*

Appellant claims that the search by Officer Goodnight was illegal because it exceeded the scope of his consent for a search of his person for weapons. Appellant's argument is unavailing because the "plain feel" doctrine allows for the lawful seizure of an object "whose contour or mass makes its identity immediately apparent" and is incriminating in nature, so long as the officer does not manipulate the item to determine its identity as contraband. *Minnesota v. Dickerson*, 508 U.S. 366, 375–76 (1993); *Baldwin v. State*, 278 S.W.3d 367, 371 n.14 (Tex. Crim. App. 2009). In *Griffin v. State*, the Court of Criminal Appeals upheld the seizure of narcotics in plastic tubes based upon the officer's knowledge that drug dealers often use such tubes in the distribution of narcotics. *Griffin v. State*, 215 S.W.3d 403, 410

(Tex. Crim. App. 2006). The *Griffin* court determined that the officer immediately determined that the tubes were contraband without "squeezing, sliding and otherwise manipulating the contents of [the defendant's] pocket." *Id.* (quoting *Dickerson*, 508 U.S. at 378). Similarly, when Officer Goodnight reached into Appellant's pocket, he immediately felt the baggie, and without manipulating the baggie and based on his prior experience that such baggies were used to hold drugs, he suspected that the baggie contained contraband. Officer Goodnight's suspicions were confirmed when he removed the baggie from Appellant's pocket; it contained a substance that looked like cocaine and that field-tested positive for cocaine. Accordingly, Officer Goodnight's search was proper within the "plain feel" doctrine and did not exceed its scope. We overrule Appellant's first issue on appeal.

C.      *Issue Three: Appellant failed to preserve error on his objection to the State's closing argument.*

In his third and final issue, Appellant asserts that the State engaged in improper jury argument. In this case, Appellant failed to object to the State's closing argument, and he has not preserved this issue for appellate review. *See* TEX. R. APP. P. 33.1; *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). We overrule Appellant's third and final issue.

## IV. *Conclusion*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

March 31, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

7