**Affirmed and Memorandum Opinion filed May 22, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00767-CR

### JOSE RIOS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1467029**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Jose Rios of failure to register as a sex offender. *See* Tex. Code Crim. Proc. Ann. art. 62.102(a) (West 2015). The jury sentenced appellant to twenty-eight years in prison. Appellant appeals, raising two issues.

Appellant first contends the evidence is legally insufficient to prove beyond a reasonable doubt that he moved locations without notifying the proper authorities. Concluding there is sufficient evidence that appellant no longer resided at his

registered address, we overrule this issue.

In his second issue, appellant argues the trial court abused its discretion when it refused to allow him to impeach a witness with evidence of the witness's past convictions. According to appellant, this ruling deprived him of his constitutional right to present a defense, and it was also evidentiary error because the probative value of the evidence substantially outweighed its prejudicial effect. We conclude appellant did not properly preserve his argument regarding the right to present a defense, and that the trial court's evidentiary ruling was not outside the zone of reasonable disagreement. We therefore overrule appellant's second issue and affirm the judgment.

## BACKGROUND

Appellant was convicted of sexual assault in 1990. As a sex offender, he is required to register annually for life. Appellant began living at Airline House, a re-entry program for federal and state offenders. A program director at Airline House, Kerry Allen, testified that using Airline House's security camera system, he saw appellant drinking alcohol on the premises in early February 2015. Drinking violated a rule of the program, so Allen told appellant that he would need to call his officer to find new living arrangements. Allen conceded that he could not actually force someone to leave the premises.

Allen testified that he noticed appellant and all of his belongings were gone from Airline House the day after he talked with appellant about leaving. Allen immediately filled the now-vacant bed appellant had been using with a new person who desired to participate in the program. Allen testified that he did not see appellant on the premises afterwards.

In late February 2015, appellant met with Officer John Williams to do his

annual sex offender registration and reported that he still lived at Airline House. Williams testified that he did not remember appellant telling him he had to move. Officer Jorge Lucero testified that Williams told him appellant had not contacted Williams about needing to move or changing his registered address.

In April 2015, a compliance officer came to check whether appellant was still living at Airline House. Allen told the officer that appellant was no longer living at Airline House. Officer Lucero was then assigned to find appellant. Unable to locate appellant, Lucero filed charges against him for failing to register as a sex offender.

Throughout trial, appellant tried to offer evidence of Allen's prior theft convictions. Appellant argued the prior convictions were relevant because the State's case relied heavily on Allen's testimony, and therefore Allen's credibility was in issue. The convictions were more than twenty years old. The trial court ruled that the evidence lacked probative value and refused to admit it.

At the conclusion of the evidence, the jury found appellant guilty and sentenced him to twenty-eight years in prison. This appeal followed.

## ANALYSIS

### I. There is legally sufficient evidence that appellant failed to register as a sex offender.

In his first issue, appellant challenges his conviction for failing to register as a sex offender. According to appellant, there is legally insufficient evidence that he changed his residence from Airline House, and therefore there is no evidence that he failed to comply with the sex offender registration requirements.

#### A. Standard of review and applicable law

In reviewing the legal sufficiency of the evidence, we determine whether any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 317 (1979). We view the evidence in the light most favorable to trial court's verdict. *Id.* at 319; *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The jury is the sole judge of credibility and the weight to give to the testimony of witnesses. *Temple v. State,* 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *Montgomery v. State,* 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). The jury may reasonably infer facts from the evidence presented, credit the witnesses it chooses, disbelieve any or all of the evidence or testimony, and weigh the evidence as it sees fit. *Canfield v. State,* 429 S.W.3d 54, 65 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). When the record supports conflicting inferences, we presume the trier of fact resolved the conflicts in favor of the State and defer to that determination. *Clayton,* 235 S.W.3d at 778. We do not become a thirteenth juror by re-evaluating the weight and credibility of the evidence orsubstituting our judgment for that of the fact-finder. *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *Reed v. State,* 158 S.W.3d 44, 46 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Our duty as a reviewing court is to ensure the evidence presented can actually support a conclusion that the defendant committed the crime. *See Williams,* 235 S.W.3d at 750. We will uphold the verdict unless we determine any rational factfinder would have a reasonable doubt as to any essential element. *Laster v. State,* 275 S.W.3d 512, 518 (Tex. Crim. App. 2009). This standard of review allows the jury to resolve fact issues and draw reasonable inferences from evidence. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014).

An individual commits the offense of failing to comply with sex offender registration requirements if "the person is required to register and fails to comply with any requirement of" Chapter 62 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 62.102(a); *see also Young. v. State*, 341 S.W.3d 417, 425

(Tex. Crim. App. 2011) ("Article 62.102 is a generalized 'umbrella' statue that criminalizes the failure to comply with any of the registration requirements set out in Chapter 62"). The individual must register with "the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days." Tex. Code Crim. App. Proc. Ann. art. 62.051(a) (West 2015). The person must do this no later than "the seventh day after the person's arrival in the municipality." *Id.* If the individual intends to change his address, he "shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority" and give his "anticipated move date and new address." Tex. Code Crim. App. Proc. Ann. art. 62.055(a) (West 2015).

**B.      There is sufficient evidence that appellant failed to report his change of address.**

According to the indictment, on or about April 21, 2015, appellant intended to change his address but knowingly failed to provide his anticipated move date and new address to the proper authorities. The evidence is undisputed that appellant did not report a new address, but appellant contends that the evidence does not show beyond a reasonable doubt that he had moved and no longer lived at Airline House. In appellant's view, the compliance officers assigned to check on him never checked his room or tried to speak with him, so there is no certainty that he had left Airline House. The compliance officers testified they spoke only with Allen, and they took his word that appellant no longer lived at Airline House. Appellant's investigator testified that he learned that a relative of appellant drove him to and from work each day. According to the investigator, the relative always picked appellant up and dropped him off at Airline House.

Viewing the evidence in the light most favorable to the verdict, we there is legally sufficient evidence that appellant committed the offense of failing to comply

5

with the sex offender registration requirements. Allen, the program director of Airline House, was confident appellant was no longer living at Airline House by February 12, 2015, because appellant and all of his belongings were gone. Allen testified that he had told appellant the previous day that appellant would have to find another place to live. Allen found someone else to live in appellant's previous room and filled the bed the next day because there was a waiting list of individuals trying to move into Airline House. This move would not have been possible had appellant still occupied the bed. Allen explained that he works at Airline House six days per week, presumably giving him ample opportunity to observe whether appellant still resided at Airline House. Allen never saw appellant in Airline House after telling appellant that he needed to leave. From this evidence, a rational jury could conclude that Allen was in a position to know whether appellant lived at Airline House, and could choose to credit Allen's testimony that appellant no longer lived there on or around April 21, 2015.

Although there was testimony that a family member gave appellant rides to and from Airline House, a rational juror could choose to disbelieve this evidence or to believe that it does not show appellant was living at Airline House in April 2015. First, the investigator gave no timeframe regarding when the rides took place. The rides could have occurred during the period Allen testified appellant was still living at Airline House. Alternatively, if the rides occurred after appellant was told to leave Airline House, appellant could have walked to and from a new residence after being dropped off and picked up at Airline House. Allen testified it was a well-known rumor within Airline House that appellant was living in a nearby apartment. A rational jury could conclude from this evidence that Airline House was only a rendezvous point for appellant to get a ride.

Second, multiple compliance officers testified about appellant's situation and

6

their efforts to find him at Airline House. Each testified that appellant's registered address was still Airline House, yet appellant was not living there when they did their checks. A reasonable trier of fact could credit their testimony, especially when paired with Allen's, and find the evidence sufficient to prove beyond a reasonable doubt that appellant no longer resided at Airline House.

We recognize that residence is an elastic term, and its meaning depends on the present intention of the person involved and the surrounding circumstances. *Whitney v. State*, 472 S.W.2d 524, 525 (Tex. Crim. App. 1971). The testimony summarized above regarding appellant's absence from Airline House over an extended period is sufficient, however, for a rational trier of fact to find beyond a reasonable doubt that appellant did not reside there on April 21, 2015.

Appellant argues that his case is similar to *Silber v. State*, in which our sister court reversed a sex offender's conviction for failure to register. 371 S.W.3d 605 (Tex. App.—Houston [1st Dist.] 2012, no pet.). We disagree. Although a sex offender does not have to spend every moment at his or her registered address, the offender in *Silber* was still seen by his neighbors occasionally at his registered address and his belongings were still there. In this case, appellant's bed at his registered address was taken by another individual, and compliance officers were unable to find him there. Also, program director Allen, who spent much of his time at Airline House, testified that he never saw appellant there and appellant's belongings were gone.

From this evidence, a rational trier of fact could find that appellant was still registered to live at Airline House even after he had stopped living there. Therefore, we conclude the evidence is legally sufficient to support appellant's conviction for failing to comply with the sex offender registration requirements. We overrule appellant's first issue.

7

**II. The trial court did not abuse its discretion when it denied appellant the opportunity to impeach a witness with his past convictions.**

Appellant argues in his second issue that the trial court abused its discretion when it sustained the State's objections to his efforts to impeach Allen with evidence of prior theft convictions. Appellant contends that excluding the evidence (1) violated Texas Rule of Evidence 609 because the probative value of the evidence substantially outweighed its prejudicial effect, and (2) deprived him of his constitutional right to present a complete defense.

**A. Appellant preserved his Rule 609 argument, but not his argument that he was denied the opportunity to present a complete defense.**

The State asserts appellant did not preserve his complaints regarding the trial court's exclusion of evidence regarding Allen's prior convictions. We therefore first examine the record to determine whether appellant preserved the arguments he raises on appeal.

To preserve a complaint for appellate review, the record must show that the appellant presented the complaint to the trial court "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A). "Under this rule, an objection must be both timely and specific, alerting the trial court to any and every legal basis upon which the appellant should desire to predicate a claim later on appeal." *Leza v. State*, 351 S.W.3d 344, 361 n. 67 (Tex. Crim. App. 2011). To complain about the exclusion of certain evidence on appeal, therefore, an appellant must demonstrate that he preserved his argument by offering the evidence during trial, and by making the trial court aware of the substance of the evidence and the basis for its admission. *See* Tex. R. App. P. 33.1; Tex. R. Evid. 103(a)(2); *Leza*, 351 S.W.3d at 360–61. Even constitutional errors may be waived by failing to timely complain in the trial court. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim.

App. 1995); *Wright v. State*, 374 S.W.3d 564, 575–76 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

During the hearing on the State's motion in limine, appellant's counsel brought up Allen's past convictions and argued they affected the credibility of his testimony on contested issues. As Allen's testimony was a large part of the State's case, appellant argued that evidence of Allen's past convictions should be admitted. The trial court postponed ruling on whether to allow the evidence until it came up during the trial.[1]

During appellant's cross-examination of Allen, appellant's counsel approached the bench. Appellant's counsel argued that Allen, through his testimony in response to questions, had opened the door to admitting Allen's prior convictions into evidence. Counsel again pointed out that Allen was a crucial witness for the State and that his credibility was in question. The trial court ruled that the convictions were inadmissible, citing their lack of probative value.

At the end of the State's case, appellant's counsel tried once again to introduce evidence of Allen's past criminal history. He argued that the State's whole case was built upon Allen's credibility, including the testimony of the State's other witnesses. The trial court again denied appellant' request.

We conclude appellant preserved error on his complaint that the trial court abused its discretion under Rule 609 when it excluded evidence of Allen's past convictions. Appellant's counsel brought Allen's past convictions to the trial court's attention multiple times during the trial. Appellant also informed the trial judge that he wanted to admit the past convictions into evidence because they questioned the

---

[1] By itself, this exchange does not preserve error. *Gonzales v. State,* 685 S.W.2d 47, 50 (Tex. Crim. App. 1985); *Hatchett v. State*, 930 S.W.2d 844, 849 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd).

witness's credibility and he did so during the trial, at a time when the trial court had the opportunity to act on his request. *See Lankston v. State,* 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). The trial court denied appellant's request each time. We conclude appellant preserved error regarding the trial court excluding evidence of Allen's past convictions pursuant to Rule 609.

Appellant also argues on appeal that the trial court's exclusion of Allen's prior theft convictions violated his constitutional right to present a complete defense.[2] *See Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (observing that the right to present a defense may be rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment). To preserve this issue, appellant needed to make a timely and specific objection at trial in order to give the trial court the opportunity to correct the error or remove the basis for objection. *Martinez v. State,* 22 S.W.3d 504, 507 (Tex. Crim. App. 2000). Appellant's argument on appeal must correspond to the specific objection made at trial. *Broxton,* 909 S.W.2d at 918. To preserve an objection that an evidentiary ruling deprives a defendant of his constitutional right to a complete defense, counsel must mention that right specifically. *See Broxton*, 909 S.W.2d at 918; *Anderson v. State,* 301 S.W.3d 276, 280 (Tex. Crim. App. 2009).

---

[2] In Texas, the improper exclusion of evidence may raise a constitutional violation in two circumstances: (1) when an evidentiary rule categorically and arbitrarily prohibits the defendant from offering relevant evidence that is vital to his defense; or (2) when a trial court erroneously excludes evidence that is vital to the case, and the exclusion precludes the defendant from presenting a defense. *Ray v. State*, 178 S.W.3d 833, 835 (Tex. Crim. App. 2005). The Court of Criminal Appeals has noted however, that erroneous evidentiary rulings rarely rise to the level of denying a fundamental constitutional right to present a meaningful defense. *Wiley v. State*, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002). Only when the trial court's clearly erroneous ruling excludes otherwise relevant, reliable evidence which forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense is there a constitutional violation. *Id.*

In the trial court, appellant did not contend that the exclusion of Allen's prior theft convictions violated his constitutional right to present a complete defense. Because appellant's complaint on appeal does not correspond to an objection made at trial, it is not preserved for our review.

### B. The trial court did not abuse its discretion under Rule 609 in excluding evidence of the witness's past convictions.

Turning to the merits of appellant's Rule 609 argument, appellant contends that the jury should have been given the opportunity to consider the evidence of Allen's prior convictions, especially because Allen was the State's key witness. We review the trial court's decision to exclude that evidence using an abuse-of-discretion standard. *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). We will uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id.*

Rule 609(a) of the Texas Rules of Evidence provides that evidence of a criminal conviction offered to attack a witness's character for truthfulness must be admitted if the crime was a felony or involved moral turpitude and other requirements (not at issue here) are met. If more than ten years have passed since the conviction or release from confinement, however, Rule 609(b) provides that evidence of the conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect. *See also Meadows v. State,* 455 S.W.3d 166, 170 (Tex. Crim. App. 2015); *Leyba v. State,* 416 S.W.3d 563, 570–71 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Any proponent seeking to introduce evidence pursuant to Rule 609(b) has the burden of demonstrating that the probative value of a conviction substantially outweighs its prejudicial effect. *See Theus v. State,* 845 S.W.2d 874, 880 (Tex. Crim. App. 1992).

In applying the Rule 609(b) balancing test when the witness is not the

11

defendant, courts generally consider the following nonexclusive factors: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past conviction to the date the witness testifies and the witness's subsequent criminal history; (3) the similarity of the past crime to any conduct at issue in the present trial; (4) the importance of the witness's testimony; and (5) the importance of the credibility issue. *Moore v. State*, 143 S.W.3d 305, 312–13 (Tex. App.—Waco 2004, pet. ref'd) (adapting *Theus* factors to cases in which witness subject to impeachment with prior convictions is not the defendant); *see Theus*, 845 S.W.2d at 880 (establishing nonexclusive list of factors courts consider when defendant is witness being impeached with evidence of prior conviction).

Allen's prior theft convictions have a high impeachment value because they involve crimes of moral turpitude. *Moore*, 143 S.W.3d at 313. But the passage of twenty years since Allen's most recent conviction—twice as long as the time limit set by the rule for admitting such evidence more easily—significantly decreases the probative value of the prior convictions. Given the long passage of time, the trial court reasonably could have believed that Allen had reformed, significantly increasing the possibility that the prior convictions would have an unfair prejudicial effect. Allen's theft convictions had no relation to any issue in the case, nor to the relationship between himself and appellant, so those factors do not weigh in favor of admission. *See Leyba v. State*, 416 S.W.3d 563, 571 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (weighing factors when testifying witness was defendant). The final two factors weigh in favor of admission because Allen was the State's primary witness against appellant, and the investigating officers who testified largely based their testimony on their interactions with Allen.[3] Although Allen's prior

---

[3] The police officer sent to Airline House to make a periodic compliance check on appellant testified that he knocked on the bedroom door where appellant had previously slept and no one answered. He testified that only after he had done that did he check with Allen, who informed him

12

convictions certainly had probative value, we cannot say that it was outside the zone of reasonable disagreement for the trial court to conclude that the probative value of the convictions did not substantially outweigh the dangers of unfair prejudice. *See Moore*, 143 S.W.3d at 313. The trial court therefore did not abuse its discretion in excluding the evidence, and we overrule appellant's second issue.

## CONCLUSION

Having overruled each issue raised by appellant in this appeal, we affirm the trial court's judgment.

/s/     J. Brett Busby
        Justice

Panel consists of Justices Jamison, Busby, and Donovan.
Do Not Publish — TEX. R. APP. P. 47.2(b).

---

appellant no longer resided at Airline House.