# NO. 12-24-00002-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KIRK ALLEN ANDRADE,*<br>*APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SABINE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kirk Allen Andrade appeals his conviction for failure to register as a sex offender. He presents three issues on appeal. We reverse and render a judgment of acquittal.

## BACKGROUND

Appellant was convicted of possession of child pornography in April 2007. As a result, he must register as a sex offender, and he did so. Since he registered, he spent the majority of time living in a van on his brother's property in Bronson, Sabine County, Texas. Appellant likewise complied with his required registration check-ins.

On January 16, 2023, Officer Andrea Schuett of the League City Police Department called the Sabine County Sheriff's Office to report Appellant's van parked in a vacant lot. As a result, deputies visited Appellant's registered address over the course of several days and found the address vacant each time. Believing that Appellant moved to League City without notifying either Sabine County or Galveston County, in violation of the registration statute, Sabine County issued a warrant for Appellant's arrest. League City officers arrested Appellant on January 29.

Appellant pleaded "not guilty," and the matter proceeded to a bench trial. At trial, Appellant testified that he did not move from his registered address. He claimed that he picked up a friend at the airport in Houston and spent several days driving her around the Houston and Galveston areas attempting to find her a place to live. He admitted failing to notify Sabine County that he would be absent from the county for an extended period of time, but he never intended to change addresses or live with his friend. At the conclusion of trial, the trial court found Appellant "guilty" and sentenced him to eight years confinement. This appeal followed.

SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant contends the evidence is insufficient to support his conviction. Specifically, he urges that the indictment alleges failure to register with the Sabine County Sheriff's Office but the State presented evidence tending to support a theory that he failed to notify Sabine County that he was leaving the county or notify Galveston County that he would be visiting. Thus, he argues that this "variance" between the allegations in the indictment and the State's proof renders the evidence against him insufficient. The State concedes error.

**Standard of Review and Applicable Law**

In reviewing the sufficiency of the evidence to support a conviction, we consider all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 91 L. Ed. 2d 560 (1973); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We measure whether the evidence presented at trial was sufficient by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Hernandez v. State*, 556 S.W.3d 308, 312 (Tex. Crim. App. 2017) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). A hypothetically correct jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* The law "as authorized by the indictment" generally refers to "the statutory elements of the offense . . . as modified by the charging instrument." *Johnson v. State*, 364 S.W.3d 292, 294 (Tex. Crim. App. 2012) (quoting *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)).

The State is required to prove that the defendant committed the alleged crime using that specific statutory manner and means, and it may not rely on any other statutory manner and means of committing the crime it did not plead in the charging instrument. ***Thomas v. State***, 444 S.W.3d 4, 8–9 (Tex. Crim. App. 2014); ***Cada v. State***, 334 S.W.3d 766, 773–74 (Tex. Crim. App. 2011) (footnote omitted) ("[I]f the ... offense sets out various statutory alternatives for the distinct elements of the crime, the jury charge may contain only those alternative elements that are actually alleged in the indictment. And the sufficiency of the evidence is measured by the specific alternative elements that the State has alleged in the indictment.").

There are two types of variances in an evidentiary-sufficiency analysis: material variances and immaterial variances. Immaterial variances do not affect the validity of a criminal conviction, and a hypothetically correct jury charge need not incorporate allegations that would give rise to only immaterial variances. *See* ***Geick v. State***, 349 S.W.3d 542, 545 (Tex. Crim. App. 2011); *see, e.g.,* ***Gollihar v. State***, 46 S.W.3d 243, 256 (Tex. Crim. App. 2001) (holding that the fact that the indictment alleged the incorrect serial number for a stolen Go Kart was immaterial and did not warrant reversal of the conviction because the serial number was not a statutory element and the appellant was not prejudiced by use of the incorrect serial number). However, a material variance renders a conviction infirm, and the only remedy is to render an acquittal. *See* ***Cada***, 334 S.W.3d at 776 (reversing the judgment of the court of appeals and rendering an acquittal when there was a material variance between the indictment and the proof adduced at trial); ***Curry***, 30 S.W.3d at 404 ("If the evidence is insufficient to support [the] conviction, the remedy is acquittal.").

If a person who is required to register under the sex offender registration program intends to change addresses, he must report the change in person to the local law enforcement authority designated as his primary registration authority not later than the seventh day before the intended change. TEX. CODE CRIM. PROC. ANN. art. 62.055(a) (West Supp. 2023). If the person moves to a new residence, he must report to the local law enforcement authority where the new residence is located, not later than the seventh day after the move. ***Id***. If the person fails to comply with any requirement of Chapter 62, he may be charged with a felony. ***Id***. art. 62.102(a) (West 2018).

**Analysis**

On January 16, 2023, when Officer Schuett observed Appellant's van in a vacant parking lot, she ran the license plate number and learned the van was registered to Appellant, a registered

sex offender residing in Sabine County. She also spoke with the occupants of the van, Appellant and Melissa Taucer, who told her that Taucer's son worked at the nearby gas station and they were looking for a place to live. Schuett thereafter called the Sabine County Sheriff's Office to report Appellant's presence in League City and asked if they knew he was gone. Schuett testified that she did not see Appellant's van between January 16 and January 29. Schuett saw Appellant's van again on January 29 and learned Sabine County issued a warrant for his arrest. Therefore, she arrested Appellant.

Alisa Lindow, the administrative assistant for the Sabine County Sheriff's Office who is responsible for overseeing the registration of sex offenders, testified that she has overseen Appellant's registration since 2016, during which Appellant had been compliant. Lindow did not know Appellant was in League City prior to the call from Schuett. She passed the information to Sabine County Deputy Leon Miller to conduct an investigation into Appellant's whereabouts.

Deputy Miller went to Appellant's registered address on January 17 and found it vacant. The gate was closed and tied with a white rope and the tire tracks into the property did not appear fresh. Miller returned to the address on January 18 and 19 and again found the gate tied in the same manner. Therefore, it appeared that no one had used the gate. Miller returned to the property on January 23 and nothing had changed. As a result, he concluded Appellant had been gone from his registered address for at least seven days without notifying the authorities. He also confirmed that Appellant had not registered with either Galveston County or League City. He obtained a warrant for Appellant's arrest for violating the registration statute.

Appellant testified that he had not moved from his registered address. He claimed that Taucer called him and asked him to pick up her and her son from the airport in Houston. They had reportedly been forced to leave their living arrangement and were flying back to Texas. After he picked them up at the airport, Taucer told him that she was not sure where they would live. Appellant drove them to Dickinson to see if her son's friend would allow them to rent a room. After the friend refused, Appellant drove them to League City, which is when they interacted with Schuett. They traveled to various places in Chambers County, Brazoria County, Harris County, Montgomery County, and Galveston County over the next several days. He was arrested when they returned to League City. He admitted failing to notify Sabine County that he would be absent from the county for an extended period of time but stated that he never intended

4

to change addresses or live with his friend. He further admitted staying in some of the locations for approximately two days at a time without notifying the proper authorities.

Taucer corroborated Appellant's version of events. According to Taucer, they drove to several different places attempting to find a place for her and her son to stay. They drove during the day and parked somewhere for the night. She did not remember staying in any place for longer than 48 hours at a time. She testified that Appellant repeatedly told her that he had no intentions of living with her.

The evidence at trial showed that Appellant remained in different locations for two days at a time, in violation of the offender registration statute. *See* TEX. CODE CRIM. PROC. ANN. art. 62.059(a) (West 2018). However, the indictment alleged that Appellant committed the offense of failure to comply with the sex offender registration requirements of Chapter 62 in one specific way: by failing to update or correct his current place of residence, in violation of Article 62.055(a). Having specified the narrow manner in which Appellant allegedly violated Chapter 62, the State was limited to the manner specified in the indictment. *Nikolaev v. State*, 474 S.W.3d 711, 713–14 (Tex. App.—Eastland 2014, pet. ref'd); *see Thomas,* 444 S.W.3d at 10 (holding that where indictment alleged appellant failed to comply with specific sex offender registration requirement, jury could not find him guilty on alternative theory); *Geick,* 349 S.W.3d at 545 (when a statute lays out several alternative methods of committing the offense, and the indictment alleges only one of those methods, "the law as authorized by the indictment" is limited to the method specified in the indictment). Thus, at trial, the State was required to prove beyond a reasonable doubt that Appellant failed to correct or update his current place of residence in violation of Article 62.055(a).

As the offense was alleged in the indictment, Appellant could not have violated Chapter 62 unless he changed his residence from his registered address to another residence. There was no evidence that Appellant changed his residence. Based on the evidence, we conclude that a rational trier of fact could not have found that Appellant changed his residence or that he intended to change his residence. Because the evidence was insufficient to establish that Appellant failed to correct or update his current place of residence as specifically charged in the

indictment, the evidence was legally insufficient to support his conviction.  We sustain Appellant's first issue.[1]

## DISPOSITION

Having sustained Appellant's first issue, we *reverse* the trial court's judgment and *render* a judgment of acquittal.

**BRIAN HOYLE**
Justice

Opinion delivered June 12, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Because we sustain Appellant's first issue, we need not address Appellant's other issues.  *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 12, 2024

NO. 12-24-00002-CR

**KIRK ALLEN ANDRADE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 273rd District Court

of Sabine County, Texas (Tr.Ct.No. CR2308321)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED, and DECREED by this court that the trial court's judgment be **reversed,** and a judgment of acquittal be **rendered**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*